817 So.2d 414 (2002)
In re Gary V. EDWARDS, Plaintiff-Appellant.
v.
Juliette Jordan EDWARDS, Defendant-Appellee.
Nos. 35,953-CA, 35,954-CA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 2002.
*415 Lucas & Chambers, by George E. Lucas, Jr., Monroe, for Appellant.
Jill Binford Goudeau, West Monroe, for Appellee.
Before WILLIAMS, STEWART & PEATROSS, JJ.
PEATROSS, J.
This appeal arises from a petition to partition certain property filed by Juliette Edwards and the trial court's sustaining an exception of no cause of action as to items which had been previously partitioned in a partition agreement, but allowing evidence on items which were not listed in the previous partition agreement. Ultimately, the trial court partitioned two items: the sums of $30,077.73 and $17,190.52, which it found were in accounts omitted from the previous partition agreement. Gary "Van" Edwards appeals the trial court's judgment of partition of the above sums and Juliette has answered the appeal challenging the trial court's sustaining of Van's exception of no cause of action as to various retirement accounts. For the reasons stated herein, we affirm in part, reverse in part and remand.

FACTS
Van and Juliette were divorced on January 27, 1999, with the termination of the community property regime retroactive to the date of the filing of the petition for divorce on November 25, 1996. A separation of property agreement and partition agreement was signed by the court on July 10, 1996.
On October 2, 1998, Juliette filed a petition under docket number 96-4661 seeking to partition community property that had allegedly not yet been partitioned, including money accounts in the names of two minor children. On June 30, 2000, she filed a petition under docket number 96-2725 seeking to partition an IRA at Merrill Lynch, a 401K plan, a Cash Benefit Plan and additional sums of money and requesting that the previous partition agreement be deemed lesionary. The suits were consolidated. Thereafter, Van filed exceptions of no cause of action, which the trial court sustained as to items which were listed in the previous partition agreement. The trial court, however, allowed evidence on the accounts in the names of the minor children, finding the accounts to be unpartitioned community property (this ruling has not been raised on appeal). In addition, the trial court found that the omitted account sums of $30,077.73 and $17,190.52 were not listed in the partition agreement and, therefore, constituted unpartitioned community property. As previously stated, the trial court ordered these sums partitioned and this appeal by Van and answer to appeal by Juliette ensued.

DISCUSSION

Sums ordered partitioned: $30,077.73 and $17,190.52
The partition agreement of July 10, 1996, awarded Van all "cash on hand" and the balance in the Lampco savings account. *416 On appeal, Van argues that the $17,190.52 was deposited into the Lampco account on July 1, 1996 (nine days prior to the day the partition agreement was signed) and that the $30,077.73 existed as cash on hand prior to its being deposited in the Lampco account on July 10, 1996 (the day the partition agreement was signed). According to Van, since the sums at issue were in the Lampco account on the day the partition agreement was signed, they were partitioned in the prior agreement and the trial court erred in finding otherwise in the instant action. In oral reasons for judgment, the trial court found that both sums were "community property that was not partitioned." We agree.
After termination of the community property regime, the provisions governing co-ownership apply to former community property. La. C.C. art. 2369.1. Any co-owner has a right to demand partition of a thing held in indivision. La. C.C. art. 807.
Further, La. C.C. article 1308 provides:
If, after the partition, a discovery should be made of some property not included in it, the partition must be amended or made over again, either in totality, or of the discovered property alone.
The omission of a thing belonging to the community from a partition is, therefore, grounds for a supplemental partition. La. C.C. arts. 1380 and 1401; Moreau v. Moreau, 457 So.2d 1285 (La.App. 3d Cir.1984).
In the case sub judice, the trial court found that the sums of $30,077.73 and $17,190.52 were not listed on Van's descriptive list in the original partition, i.e., these sums were omitted from the original partition, and could be traced to other accounts which also were not listed and which were presumptively community property. We find a reasonable factual basis for the trial court's conclusion regarding these sums and will not disturb its ruling that the sums constitute unpartitioned community property and must now be partitioned.

Answer to appeal: Exception of no cause of action
In answer to the appeal, Juliette assigns as error the trial court's sustaining Van's exception of no cause of action as to the various retirement accounts.[1] In oral reasons for judgment, the trial court stated that it would not consider (or allow evidence) on any item that was listed in the previous partition agreement, without identifying any particular causes of action alleged in Juliette's petition.
*417 In deciding whether a petition states a cause of action, the court must accept well-pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Arledge v. Hendricks, 30-588 (La.App.2d Cir.6/26/98), 715 So.2d 135, writ denied, 98-2015 (La.11/20/98), 728 So.2d 1287. The exception of no cause of action is a procedural device to test whether, under allegations of petition, law affords any remedy for grievance asserted and the exception can be sustained only if law affords no remedy under any evidence admissible under the pleadings. Keith v. Comco Ins. Co., 574 So.2d 1270 (La.App. 2d Cir.1991), writ denied, 577 So.2d 16 (La.1991). Every reasonable interpretation must be accorded its language in favor of maintaining the sufficiency of the petition and affording the litigant opportunity to present his evidence. North Cent. Utilities, Inc. v. East Columbia Water Dist., 449 So.2d 1186 (La.App. 2d Cir.1984).
After reviewing Juliette's June 30, 2000 petition as a whole to determine the propriety of the trial court's ruling, we conclude that the petition does state a cause of action in addition to the request to partition the $30,077.33 and $17,190.52; and, therefore, we find that the trial court erred in sustaining the exception.
We find that the petition clearly states a valid alternative cause of action in lesion. An extrajudicial partition may be rescinded on account of lesion if the value of the part received by a co-owner is less by more than one-fourth of the fair market value of the portion he or she should have received. La. C.C. art. 814; Hoover v. Hoover, 01-2200 (La.4/3/02), 813 So.2d 329; Taylor v. Taylor, 33, 959 (La.App.2d Cir.11/1/00), 772 So.2d 891. Lesion cannot be waived. Taylor, supra, citing Harmon v. Harmon, 508 So.2d 616 (La.App. 2d Cir.1987), writ denied, 513 So.2d 1210 (La. 1987). Juliette's petition contains allegations that the actual values of several items partitioned in the previous partition agreement were understated. As a result, Juliette alleges that the amounts/assets received by her are less than one-fourth of the fair market value of the portion she should have received. The petition sufficiently states a cause of action in lesion.
Finally, we recognize that Juliette argued fervently to the trial court and maintains on appeal that she is not seeking to nullify the judgment on the basis of fraud under La. C.C.P. art.2004. We will not, therefore, examine the petition for any potential cause of action under that article.[2]

CONCLUSION
For the foregoing reasons, the judgment of the trial court ordering the partition of the sums of $30,077.73 and $17,190.52 is *418 affirmed. The judgment of the trial court sustaining the exception of no cause of action is reversed and the matter is remanded for further proceedings.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] Juliette's assignment of error as written and her argument in brief refers to the trial court's granting of an exception of prescription, rather than an exception of no cause of action. This appears to be so because the arguments of counsel concentrate on Van's assertion that Juliette is attempting to nullify the previous partition agreement on the grounds of fraud under La. C.C.P. art.2004 (misrepresentation of the value of certain community assets), which action he claims has been extinquished by peremption. We note that the one-year time period embodied in article 2004 is peremptive. Burkett v. Property of Douglas, 575 So.2d 888 (La.App. 2d Cir.1991); Civello v. Johnson, 567 So.2d 643 (La.App. 4th Cir.1990), writ denied, 569 So.2d 987 (La.1990); Davis v. Sewerage and Water Board of New Orleans, 469 So.2d 1144 (La. App. 4th Cir.1985). Thus, the correct procedural device to challenge the timeliness of such an action is the exception of no cause of action, as was filed in this case. See Davis, supra; International River Center v. Henry C. Beck Co., 95-1396 (La.App. 4th Cir.4/10/96), 672 So.2d 1160, writ denied, 96-1185 (La.6/21/96), 675 So.2d 1083; Poree v. Elite Elevator Services, Inc., 94-2575 (La.App. 4th Cir.11/16/95), 665 So.2d 133, writ denied, 95-3008 (La.2/16/96), 667 So.2d 1053; Dowell v. Hollingsworth, 94-0171 (La.App. 1st Cir.12/22/94), 649 So.2d 65, writ denied, 95-0573 (La.4/21/95), 653 So.2d 572.
[2] Interestingly, while arguing that she is not seeking to nullify the partition agreement on the basis of fraud, Juliette's brief on appeal speaks consistently of Van's alleged misrepresentations, deceit and intentional undervaluing of assets in the previous partition. Juliette attempts to characterize the excess value of the disputed assets (the actual value less the understated value provided by Van) simply as unpartitioned community property which should now be partitioned. Her argument, however, sounds in fraud rather than merely unpartitioned community property, because, again, it is grounded in the alleged dishonest acts of Van which resulted in the alleged unpartitioned community property. Our view may be different if the actual values of the assets at issue were simply overlooked by the parties in the original partition agreement or the parties, in good faith, had inaccurate and understated values. That, however, is not the case here. In any event, as stated above, since Juliette does not seek to nullify the judgment, we will not address that potential cause of action.