I t STEWART, J.
The defendant, D.V. II — Shreveport, L.L.C., (“D.V.”), appeals a judgment of the trial court declaring that “Section 106-47 *955 of the Shreveport Code of Ordinances and La. R.S. 38:4727(C)(2)(b) stay the operation of a business upon the filing of an appeal to the Shreveport Metropolitan Zoning Board of Appeals from the granting of a certificate of occupancy by the Zoning Administrator.” Because we find that the trial court rendered an advisory opinion on a matter that had become moot, we reverse the trial court’s judgment and dismiss the claims of the plaintiff, Muy Alto Corporation.
FACTS
This litigation began as a zoning challenge by Pastor Rick Edmonds, Pastor Chuck Porciau, Mike Welch, and Brenda O’Brock, a group of citizens of Shreveport who objected to the proposed location of a sexually oriented business to be opened and operated by D.V. in the downtown area of Shreveport near the river front. Muy Alto Corporation (“Muy Alto”), which owns land adjacent to the site of D.V.’s business, joined as a plaintiff in the “Second Amended, Supplemental, and Restated Petition.” In addition to D.V., the defendants included the City of Shreveport, the Shreveport Metropolitan Zoning Board of Appeals (“ZBA”), and the Shreveport Metropolitan Planning Commission of Caddo Parish (“planning commission”).
In their first three petitions, which include the original petition as well as first and' second supplemental petitions, the plaintiffs were seeking judicial review of an informal or preliminary authorization by the planning | ^commission approving D.V.’s proposed site. Plaintiffs contended that D.V. was improperly authorized to locate a sexually oriented business within one thousand feet of protected sites in violation of a city ordinance. This preliminary authorization had been upheld by the ZBA and the Shreveport City Council. However, as addressed at a hearing on October 17, 2002 before the trial court, D.V. had not yet made a formal application for a certificate of occupancy and no such certificate had yet been granted. Moreover, it appeared that the informal authorization was without legal effect for purposes of judicial review.
On November 18, 2002, Muy Alto filed a third supplemental petition in anticipation of D.V.’s application for a certificate of occupancy to operate a sexually oriented business at the disputed site and the likely granting of the certificate of occupancy by the zoning administrator. In light of this eventuality and the appeal that would likely follow the issuance of the certificate of occupancy, Muy Alto sought a declaratory judgment interpreting Section 106-47 of Shreveport’s Code of Ordinances and La. R.S. 33:4727(C)(2)(a) as precluding the holder of a certificate of occupancy from opening or operating a business during the pendency of the appeal process. Muy Alto then filed a motion for partial summary judgment on December 2, 2002, asserting that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law interpreting La. R.S. 33:4727(C)(2)(a) and Section 106-47 as precluding D.V. from operating its business during the appeal process. In response to Muy Alto’s third | .¡supplemental petition, D.V. filed an exception of no cause of action. D.V. also filed an opposition to the motion for partial summary judgment.
On December 19, 2002, the trial court rendered an opinion granting Muy Alto the relief it sought. This ruling was vacated by a writ order of December 27, 2002, on the grounds that a certificate of occupancy had not yet been issued, no appeal had been taken from such issuance, and peremptory exceptions remained pending in the trial court.
On January 3, 2003, Muy Alto again filed a motion for partial summary judg *956 ment alleging that D.V. had obtained a certificate of occupancy and that Muy Alto had filed a notice of appeal with the ZBA. Therefore, Muy Alto again sought a declaration that Section 106-47 and La. R.S. 33:4727(C)(2)(b) would preclude D.V. from operating its business during the pendency of the appeal process. D.V. opposed the motion and filed exceptions of no cause of action and non-joinder of an indispensable party. Of most significance was D.V.’s contention that the stay matter was moot since the zoning administrator had, in accordance with Section 106-47(c), issued a certificate lifting the stay during the appeal process.
After a hearing on January 15, 2003, the trial court rendered judgments resolving all outstanding issues and Muy Alto’s motion for partial summary judgment. The trial court dismissed the claims asserted by the plaintiffs in the original petition and the first and second supplemental petitions upon granting exceptions filed by D.V. in response to those three petitions. The trial court denied D.V.’s exception of no cause of action as to the third supplemental petition, and granted Muy Alto’s motion for partial Lsummary judgment declaring that Section 106-47 and La. R.S. 33:4727(C)(2)(b) stay the operation of a business upon the filing of an appeal to the ZBA from the granting of a certificate of occupancy by the zoning administrator. D.V. now appeals the declaratory judgment granted on Muy Alto’s motion for partial summary judgment.[1]
DISCUSSION
D.V. asserted four assignments of error on appeal. These included challenges to the trial court’s denial of exceptions of prematurity and non-joinder of an indispensable party; to the trial court’s issuance of an advisory opinion in the form of a declaratory judgment on an issue that had become moot; and to the trial court’s interpretation of Section 106-47 of the Shreveport Code of Ordinances. Because we find merit in D.V.’s argument that the declaratory judgment was merely an advisory opinion on an issue that had become moot, we have no need to address the other assignments raised by D.V. in its appeal.[2]
In the judgment at issue, the trial court declared that
“Section 106-47 of the Shreveport Code of Ordinances and La. R.S. 33:4727(C)(2)(b) stay the operation of a business upon the filing of an appeal to the Shreveport Metropolitan Zoning Board of Appeals | Kfrom the granting of a Certificate of Occupancy by the Zoning Administrator.”
In granting Muy Alto’s motion for partial summary judgment, the trial court rendered a declaratory judgment as prayed for by Muy Alto in its third supplemental *957 petition. Actions for a declaratory judgment require the existence of a justiciable controversy. Jordan v. Louisiana Gaming Control Bd., 98-1122, 98-1133 (La.5/15/98), 712 So.2d 74; American Waste & Pollution Control Co. v. St. Martin Parish Police Jury, 627 So.2d 158 (La.1993). It is well settled that courts will not decide abstract, hypothetical or moot controversies, or render opinions with respect to such controversies. Louisiana Associated General Contractors, Inc. v. State, Through Div. Of Admin., Office of State Purchasing, 95-2105 (La.3/8/96), 669 So.2d 1185.
In Jordan, supra, the supreme court addressed the issue of “justiciable controversy” by quoting the following passage from Abbott v. Parker, 259 La. 279, 249 So.2d 908 (1971):
A “justiciable controversy” connotes, in the present sense, an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interests, and upon which the judgment of the court may effectively operate through a decree of a conclusive character. Further, the plaintiff should have a legally protected interest at stake, and the dispute presented should be of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.
An issue that has been deprived of practical significance and made abstract or purely academic is moot. American Waste, supra. Where the judgment can serve no useful purpose and give no practical relief, the matter is moot. Louisiana Assoc. General Contractors, supra.
| ^Section 106-47, the ordinance about which a declaratory ruling was sought, provides as follows:
Sec. 106-47. Appeals from decision of the zoning administrator.
(a) Any person aggrieved or any officer or department may appeal to the board of appeals from any order or decision of the zoning administrator.
(b) Such appeal shall be taken by filing with the zoning administrator and with the board of appeals, within the time provided by the rules of the board, a notice of appeal specifying the particular grounds upon which the appeal is taken. Upon receipt of a notice of appeal, the zoning administrator shall transmit to the board of appeals all of the original documents and materials, or true copies thereof, constituting the record upon which the order or decision appealed from was based.
(c) An appeal from the zoning administrator to the board of appeals shall stay all proceedings unless the zoning administrator certifies that, by reason of the facts stated in the certificate, a stay would in his opinion cause imminent peril to life or property. When such certificate is filed, proceedings shall not be stayed except by a restraining order granted, after due notice, to this zoning administrator, by the board of appeals or a court of proper jurisdiction.
(Emphasis added.)
Matters of record show that D.V. obtained a certificate of occupancy from the zoning administrator on January 3, 2003. On that same day, Muy Alto gave notice of appeal to the zoning administrator and the ZBA. Muy Alto also filed its second motion for partial summary judgment seeking a declaration that Section 106-47 and La. R.S. 33:4727(C)(2)(b) preclude D.V. from opening or operating a sexually oriented business at the disputed site during the pendency of the appeal process. Thereafter, on January 6, 2003, *958 the zoning administrator, in accordance with Section 106-47(c), issued a certificate lifting the stay. The validity of the zoning 17administrator’s action in lifting the stay was not at issue before the trial court. Upon issuance of the stay lift by the zoning administrator, the issue of whether Section 106-47 would preclude D.V. from opening or operating its business during the appeal process became moot as the pending action involved neither a challenge to the actual issuance of the certificate of occupancy or to the validity of the stay lift certificate. The trial court’s declaratory judgment interpreting Section 106-47 served no useful purpose considering that the zoning administrator had lifted the stay and that the validity of that action was not before the trial court. Moreover, the judgment granted no practical relief to the parties under the existing facts.
We find the judgment at issue to be an improper advisory opinion on a moot issue. The judgment does not serve as a decree of a conclusive character between the parties, because it had no practical effect and resolved none of the substantive issues underlying the plaintiffs’ zoning challenge. Considering both the trial courts dismissal of the plaintiffs’ claims in the petition and first and second supplemental petitions and the stay lift granted by the zoning administrator, there was no existing immediacy and reality, and in fact no justiciable controversy before the trial court, to warrant the issuance of a declaratory judgment.
CONCLUSION
For the aforementioned reasons, we reverse the trial court’s judgment and dismiss the claims of the plaintiff, Muy Alto, seeking a declaratory judgment as set forth in the third supplemental petition. Costs of the appeal are assessed to the appellee, Muy Alto Corporation.
REVERSED.
PEATROSS, J., concurs.

. In a writ order of May 2, 2003, a writ panel of this court determined the judgment at issue to be a final appealable judgment. The judgment granted the relief prayed for in the third supplemental petition, thus concluding the litigation. All other claims had been dismissed by the trial court's granting of D.V.'s exceptions as to the plaintiffs’ original, first, and second supplemental petitions.

. We note that La. R.S. 33:4727(C)(2)(b), which governs boards of adjustment, was improperly referenced in this matter as pertaining to matters before the Board of Appeals, which was established by Section 106-46 of the Shreveport Code of Ordinances "in accordance with section 32 of Act 34, Acts 1954 and R.S. 33:140.32, as amended.” Section 106-46(a). Shreveport metropolitan planning is authorized by La. R.S. 33:140.1 et seq., and a board of appeals is specifically authorized by La. R.S. 33:140.32. See also Cook v. Metropolitan Shreveport Board of Appeals, 339 So.2d 1225 (La.App. 2d Cir.1976), writ denied, 341 So.2d 1123 (La.1977), footnote one.