900 So.2d 1081 (2005)
Fred JONES, Plaintiff-Appellant
v.
Robert E. BETHARD, Rhonda F. Bethard, et ux., Defendants-Appellees.
No. 39,575-CA.
Court of Appeal of Louisiana, Second Circuit.
April 13, 2005.
Rehearing Denied May 5, 2005.
*1083 Harry E. Cantrell, Jr., Fred Jones, for Appellant.
Bethard & Bethard, L.L.P. by James Guenard Bethard, Coushatta, for Appellee.
Before STEWART, DREW and MOORE, JJ.
DREW, J.
In this extended dispute involving immovable property in DeSoto Parish, Fred Jones appeals a judgment sustaining defendants' peremptory exceptions and ordering him to pay sanctions. We affirm.

FACTS
This is the fourth in a series of lawsuits involving plaintiff, Fred Jones; defendants; and land in DeSoto Parish. Jones was one of the defendants in a July 1995 petition for partition by licitation brought by Robert and Rhoda Bethard in DeSoto Parish that was styled Robert E. Bethard, et ux v. Louella Jones Hill, et al. The Bethards were the majority owners of an undivided interest in property described as:
The West half Southeast Quarter of Section 24, Township 11 North, Range 11 West, DeSoto Parish, Louisiana.
LESS AND EXCEPT the following four (4) tracts:
* * *

TRACT 2: Commencing where the Parish road intersects with the north line of the Southwest Quarter of Southeast Quarter of Section 24, Township 11 North, Range 11 West, DeSoto Parish, Louisiana, thence run West to the North line of the Southwest Quarter of Southeast Quarter 315 feet, thence run South 140 feet, thence run East to the road, thence run North with the road to place of beginning, containing one acre, more or less.
* * *
After the trial court rendered judgment in the Bethards' favor, Jones filed under the same suit number a petition to annul the judgment and enjoin the sale, but was denied relief. Mr. Bethard acquired the property at the resulting sheriff's sale.
Jones was subsequently a plaintiff in a second suit, a petition to annul the judgment that was styled, Josie Jones Broughton, et al v. Robert E. Bethard and Rhoda F. Bethard. That suit was dismissed when the trial court granted the defendants' exception of no cause of action. Much of the background for the history between the parties can be gleaned from this court's unpublished opinion in the appeal of that dismissal, Broughton v. Bethard, 31,779 (La.App.2d Cir.5/5/99), 744 So.2d 234, footnotes omitted:
In July 1995, Robert and Rhoda Bethard filed a petition for partition by licitation of certain real property located in DeSoto Parish. The Bethards asserted a substantial majority ownership interest in the property. Named as defendants were a multitude of co-owners, the heirs of John and Mary Jane Reddick. Many of these defendants were alleged to be absentees; the Bethards petitioned for the appointment of an attorney to represent them. The Bethards *1084 requested service upon the defendants who were alleged to be residents of Louisiana.
Brian C. McRae was appointed to represent the absentee defendants. He accepted that appointment and thereafter mailed letters to the absentee defendants in which he stated that he was required to give them notice of the proceedings. He also instructed them that if they wished to be represented in this matter, it was their own responsibility to retain counsel. However, on the date of trial, McRae filed an answer on behalf of the absentee defendants only, in which he asserted "lack of information sufficient to justify a belief therein." The resident defendants filed no answer.
Judgment was rendered on March 28, 1996. The court ordered that the property be sold and that the proceeds be divided among the co-owners, less costs, including the fees for the sheriff's sale and the curator. The curator's fee was ordered paid from the proceeds of the absentee defendants. In addition to the Bethards, there were several other non-absentee parties included in the judgment.
In the original suit, two named defendants and a party with an alleged ownership interest, who was omitted from the partition suit, filed a petition to annul the judgment and enjoin the sheriff's sale of the property, a rule to show cause why purchases by the attorney (Mr. Bethard) should not be annulled, and a request for a temporary restraining order. Among other errors, they asserted that no preliminary default or default judgment was entered by the court. These motions were denied, and the sheriff's sale went forward. The property was sold at public auction to Mr. Bethard for $21,000. After deduction of costs, the proceeds amounted to $18,072.18.
In January 1997, the instant suit to annul the partition judgment was filed against the Bethards. The plaintiffs are the other parties affected by the partition judgment. In their petition, they primarily attacked the manner in which Mr. McRae carried out his duties as curator for the nonresident defendants. Although none of the resident defendants answered the petition, the plaintiffs complain that the resident defendants did not receive notice of trial.
The Bethards filed a peremptory exception of no cause of action in which they asserted that the petition to annul failed to assert any of the grounds for nullifying a judgment enumerated in La. C.C.P. arts. 2001-2006.
In written reasons issued December 17, 1997, Judge Elizabeth Pickett ruled that any failings of the curator in carrying out his duties had no effect on the validity of the partition proceedings, citing La. C.C.P. art. 5098. Accordingly, the court ruled that the partition judgment was valid. Thereafter, the judge signed a judgment granting the exception of no cause of action and dismissing the petition to annul judgment.
The plaintiffs in the suit to annul filed a motion for new trial. They asserted that the trial court lacked personal jurisdiction over the nonresident defendants; trial was scheduled before the resident defendants filed an answer or made a general appearance; the resident defendants did not receive written notice of trial; and a final judgment was entered against the resident defendants without a valid preliminary default.
The motion for new trial was denied. Judge Charles Adams found that the court had jurisdiction over the property and that the appointment of an attorney to represent the nonresident defendants *1085 was proper under La. C.C.P. art. 5091. As to the nonresident defendants, the court further found that the proper procedures were utilized in the instant case. As to the resident defendants, following "an independent verification of the record," the trial court found that a preliminary default was actually entered against them on October 30, 1995; however, it was omitted from the minutes. Consequently, the court ordered the minutes amended to so reflect. As a result, the alleged lack of preliminary default was found to not be a valid complaint. Finally, the trial judge noted that, since the same issues had actually been presented and rejected in the earlier partition suit, res judicata precluded their further consideration.
This court affirmed the dismissal of the second suit. The third suit was in federal court and was styled, Josie Jones Broughton, et al v. Robert Bethard, et al. It also was dismissed, apparently on the plaintiffs' motion.
In March of 2003, upon the Bethards' request, a writ of possession directed to Fred Jones was issued for land described therein as:
A piece or parcel of land located in the SW 1/4 of SE 1/4 of Section 24, Township 11 North, Range 11 West, DeSoto Parish, Louisiana, more particularly described as follows, to-wit:
Commencing at the NE Corner, W/2, SE/4, Section 24, Township 11 North, Range 11 West, DeSoto Parish, Louisiana; thence South 00°00'00" West, a distance of 1320.00 feet; thence North 90°00'00" West, a distance of 112.49 feet; thence South 04°30'47" East, a distance of 140.44 feet to the Point of Beginning; thence South 05°45'51" East, a distance of 210.00 feet; thence North 90°00'00" West, a distance of 20.00 feet to a reference corner; thence North 90°00'00" West, a distance of 264.01 feet; thence North 00°00'00" East, a distance of 208.94 feet; thence South 90°00'00" East, a distance of 242.92 feet to a reference corner; thence South 90°00'00" East, a distance of 20.00 feet to the Point of Beginning. Said described tract containing 1.31 ACRES, more or less.[1]
This tract being a portion of a larger tract purchased by adjudicatee and is highlighted on the attached plat.
In response, Jones filed an extraordinarily lengthy pro se petition[2] for writ of injunction against Robert and Rhonda Bethard.[3] Jones sought to enjoin the Bethards and their agents from entering upon, advertising for sale or selling not only the property that was the subject of the writ of possession, but all of the "W½ of Southeast Quarter, Section 24, Township 11 North, Range 11 West, DeSoto Parish, Louisiana." In addition to injunctive relief, Jones sought monetary damages of at least $5,524,000. The Bethards filed the peremptory exceptions of no right of action, prescription, and res judicata, and they filed a motion for sanctions.
The trial court rendered judgment maintaining the exceptions of prescription, res judicata, and no right of action. Jones, who was assessed sanctions of $3,500, appealed.

*1086 DISCUSSION
Jones has specified six assignments of error in this appeal asserting that the trial court:
 abused its discretion by failing to timely grant a hearing on the petition for writ of injunction;
 erred in assuming the appellees acquired "100% ownership of sheriff sale/deed";
 erred in not reversing the judgment in the first matter;
 erred in granting the exception of prescription;
 erred in assessing a sanction against him; and
 erred in not considering the purchase of litigious rights by an attorney.
We note from the outset that Jones has failed to specify as error the granting of the exceptions of res judicata and no right of action. The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise. U.R.C.A. Rule 1-3. Because Jones did not present briefing or argument on the exceptions of no right of action and res judicata, those issues are considered abandoned. See U.R.C.A. Rule 2-12.4; United Services Auto. Ass'n v. Craft, 37,909 (La.App.2d Cir.12/10/03), 862 So.2d 353. In any event, even if we were to address these two exceptions, the judgment would still be affirmed.
Under La. R.S. 13:4231, a second action is precluded by res judicata when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Burguieres v. Pollingue, XXXX-XXXX (La.2/25/03), 843 So.2d 1049.
The central inquiry on an exception of res judicata is not whether the second action is based on the same cause of action, but whether the second action asserts a cause of action that arises out of the transaction or occurrence which was the subject matter of the first action. After a final judgment, res judicata bars relitigation of any subject matter arising from the same transaction or occurrence of a previous suit. Floyd v. City of Bossier City, 38,187 (La.App.2d Cir.3/5/04), 867 So.2d 993.
The writ of possession that Jones is attempting to enjoin is based upon a portion of the property acquired by the Bethards in the judicial sale that partitioned the property by licitation. The acquisition of this property by appellees was the subject of collateral attacks by Jones in the first and second state court actions, and the ownership of this property has been conclusively determined and is no longer in doubt. We additionally note that enjoining the writ of possession is only part of the relief sought by Jones. It is obvious from his petition, as well his appellate brief, particularly the third assignment of error, that he is attempting to relitigate ownership issues that were addressed in the two previous state court actions. Accordingly, we find no error in the trial court sustaining the exception of res judicata.
Likewise, the trial court properly sustained the exception of no right of action. Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. The function of the exception of no right of action is to determine whether the plaintiff *1087 belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n, 94-2015 (La.11/30/94), 646 So.2d 885; Tri-State Sand & Gravel, L.L.C. v. Cox, 38,217 (La.App.2d Cir.4/7/04), 871 So.2d 1253, writ denied, XXXX-XXXX (La.9/24/04), 882 So.2d 1144. Jones lost any interest in the property when the Bethards acquired complete ownership of the property at issue at the judicial sale; therefore, Jones has no right of action.
Jones also appeals the assessment of sanctions. La. C.C.P. art. 863 provides, in part:
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
* * *
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
* * *
Appellate review of the decision to impose sanctions is under the manifest error/clearly wrong standard of review. Parker v. Progressive Ins. Co., 31,147 (La. App.2d Cir.10/28/98), 720 So.2d 408. The determination of the type and amount of the sanction is reviewed under the abuse of discretion standard of review. Id.
Jones has persisted in his collateral attacks on the Bethards' purchase of immovable property of which Jones was once a co-owner. It is obvious that Jones has brought this action solely to harass the Bethards. Based upon our review of this record, we conclude that the imposition of $3,500 in sanctions by the trial court was proper.

DECREE
At appellant's costs, the judgment is AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, STEWART, DREW, and MOORE, JJ.
Rehearing denied.
NOTES
[1] The metes and bounds description appears to miss a call, though the tract involved in this dispute is shown on a plat of survey attached to the petition.
[2] The petition is close to 100 pages and is accompanied by nearly 500 pages of exhibits.
[3] Mrs. Bethard's first name is obviously misspelled, as it was spelled "Rhoda" in her petition for partition.