910 So.2d 1005 (2005)
Pastor Rick EDMONDS, Mike Welch, Brenda O'Brock, Jeff Luce, and Classic, Inc., Plaintiffs-Appellants
v.
The CITY OF SHREVEPORT, The Zoning Board of Appeals, Metropolitan Planning Commission, And D.V. II-Shreveport, LLC, Defendants-Appellees.
No. 39,893-CA.
Court of Appeal of Louisiana, Second Circuit.
August 31, 2005.
Rehearing Denied October 6, 2005.
*1007 John C. Milkovich, Shreveport, for Plaintiff Appellants Robert Keasler, Don Sorrells, Classic, Inc., Mike Welch, Brenda O' Brock, Jeff Luce, Pastor Chuck Pourciau, and Pastor Rick Edmonds.
Jeansonne & Remondet, by Neil T. Erwin, Lafayette, for Defendant Appellant City of Shreveport, and for Defendants Appellees The Zoning Board of Appeals, Mayor Keith Hightower, Metropolitan Planning Commission.
Lunn, Irion, Salley, Carlisle & Gardner, by W. Orie Hunter, III, Shreveport, for Defendant Appellee D.V.II-Shreveport, LLC.
Before STEWART, GASKINS and MOORE, JJ.
STEWART, J.
Pastor Rick Edmonds, Mike Welch, Brenda O'Brock, Don Sorrels, Jeff Luce, and Classic, Inc. (collectively, "Citizens"), appeal the October 13, 2004, judgment of the trial court granting an Exception of No Cause/No Right of Action filed by Deja Vu dismissing all plaintiffs from the suit with the exception of Robert Keasler. The City of Shreveport and Metropolitan Planning Commission (collectively "the City") appeal the trial court's November 22, 2004, judgment certifying a class action to proceed against the City. In the judgment certifying a class action, Deja Vu was dismissed as a defendant from that particular suit. That decision has not been appealed and is not subject to these proceedings. In answer to the appeal the Citizens assert that it was error for the trial court not to include Shreveport Mayor Keith Hightower as a defendant in the class action proceedings. We find that the trial court was correct in granting the Exception of No *1008 Cause/No Right of Action dismissing all plaintiffs from the suit with the exception of Robert Keasler, and in not adding Mayor Keith Hightower as a defendant to the class action suit. However, we do find that the trial court erred in certifying this matter as a class action as no court may interfere with the legally dedicated ad valorem tax stream, which is the focus of the class action litigation; therefore, we must reverse the class certification. Thus, for the reasons explained more fully below, we affirm in part and reverse in part.

FACTS
The facts surrounding the current suit have been exhaustively rehearsed in the numerous appeals that have come before this Court, so we will not be unnecessarily repetitive. This suit arose out of an action by the Citizens to enjoin the operation of the Deja Vu Nightclub by challenging a Certificate of Occupancy issued to Deja Vu by the City in January 2003. We note at the outset that this appeal is not an adjudication of the approval of the Deja Vu Nightclub, but rather there are narrow and discrete issues presented that are subject to this appeal. The first is an October 13, 2004, judgment granting Deja Vu's Exception of No Cause/No Right of Action dismissing all plaintiffs with the exception of Robert Keasler from the present suit. The second judgment is a November 22, 2004, judgment certifying Citizens' complaints against the City as a class action, but dismissing Deja Vu as a defendant in the class action, and declining to add Shreveport Mayor Keith Hightower as a defendant in the class action.

DISCUSSION

Exception of No Cause/No Right of Action
Although they are often confused and/or improperly combined in the same exception, the peremptory exceptions of no cause of action and no right of action are separate and distinct. La. C.C.P. art. 927(4) and (5); Industrial Companies, Inc. v. Durbin, 02-0665 (La.01/28/03), 837 So.2d 1207; Downs v. Hammett Properties, Inc., 39,568 (La.App. 2d Cir.04/06/05), 899 So.2d 792. An exception of no cause of action focuses on whether the law provides a remedy against the particular defendant, while the focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit. Id.
In deciding whether a petition states a cause of action, the court must accept well-pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Edwards v. Edwards, 35,953, 35,954 (La.App. 2d Cir.05/08/02), 817 So.2d 414; Arledge v. Hendricks, 30,588 (La.App. 2d Cir.06/26/98), 715 So.2d 135, writ denied, 98-2015 (La.11/20/98), 728 So.2d 1287.
Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts. La. C.C.P. art. 681; Jones v. Bethard, 39,575 (La.App. 2d Cir.04/13/05), 900 So.2d 1081. The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015 (La.11/30/94), 646 So.2d 885; Jones, supra; Tri-State Sand & Gravel, L.L.C. v. Cox, 38,217 (La.App. 2d Cir.04/07/04), 871 So.2d 1253, writ denied, 04-1357 (La.09/24/04), 882 So.2d 1144. The trial or appellate court may notice the objection of no right of action on its own motion. La. C.C.P. arts. 927(B) and 2163. Whether a *1009 plaintiff has a right of action is a question of law.
We find that the trial court was correct in its dismissal of all plaintiffs in this lawsuit with the exception of Robert Keasler. Although the Citizens assert that their status as citizens of Shreveport is sufficient to maintain a right of action, that classification alone does not give them standing to bring the present lawsuit.
Under La. R.S. 33:140.33, the only person with standing to bring a grievance with regards to the issuance of a permit or a zoning matter is "any adjacent or neighboring property owner who would be specifically damaged by such violation,. . . ." None of the dismissed plaintiffs have alleged that they were adjacent or neighboring property owners because they are not. They have admitted that Robert Keasler owns property in proximity to the location of Deja Vu. Although they assert that Jeff Luce owns property in the vicinity, the record reveals that it is, in fact, his mother, Betty Luce, who owns the subject property. She is not party to this proceeding. Consequently, non-property owners such as Jeff Luce and Classic, Inc., are improper parties to this proceeding and have no cause of action against Deja Vu or the City.
Citizens' argument that the issuance of a Certificate of Occupancy is a declaration of open season on the business/recipient of the Certificate by any disgruntled citizen who, for whatever reason, dislikes or disapproves of that business, is without merit. There is no constitutional basis that supports Citizens' argument. Moreover, this is not a re-zoning case. Both the Zoning Board of Appeals and the Shreveport City Council have determined that the proposed location of Deja Vu's business premises was properly zoned.
Citizens' reliance upon a series of cases to support its position is in error. Namely, Citizens cites Pettit v. Penn, 180 So.2d 66 (La.App. 2d Cir.1965), writ denied, 248 La. 696, 181 So.2d 397 (1966), in support of their reasoning. However, the primary question in Pettit was "whether courts are vested with jurisdiction to review decisions of the Board of Alcoholic Beverage Control which dismisses opposition and grants licenses, or permits, to sell intoxicating liquor and beer at retail." It has long been held that courts have the authority to review the actions of administrative state agencies. As a result, Citizens' reliance upon Ogburn v. City of Shreveport, 614 So.2d 748 (La.App. 2d Cir.1993), writ denied, 619 So.2d 547 (La.1973) and P & G Retailers, Inc. v. Wright, 590 So.2d 1272 (La.App. 1 Cir.1991) is similarly misplaced.
At issue in our consideration of the trial court's grant of the Exception of No Cause/No Right of Action is not this Court's jurisdictional ability to hear the dispute, but rather these particular plaintiffs' failure to meet the requirements of standing to bring the instant suit. Because those persons dismissed from the lawsuit are not adjoining or adjacent business or landowners to the Deja Vu nightclub, they do not have a justiciable interest in the present matter.
Lastly, Citizens misunderstand the applicability of Title 33 of zoning decisions arising within the City of Shreveport. Citizens seek review pursuant to La. R.S. 33:4727. However, that section does not apply to the City of Shreveport. That section deals with the Zoning Board of Adjustment. This matter concerns the Zoning Board of Appeals which is established pursuant to La. R.S. 33:140.32. There are significant differences between the sections. Section 4727 provides for a Board of Adjustment appointed by the ruling jurisdiction where it is located. *1010 Shreveport's Zoning Board of Appeals has three members appointed by the city Council, three members appointed by the Police Jury, and one member appointed jointly by those two bodies. Section 4727 provides for a Board of Adjustment with five members and two alternates and has as its jurisdiction: New Orleans, West Monroe, Jefferson Parish, Eunice, St. Martin, Morgan City, Mandeville, Baton Rouge, and Kaplan. Moreover, this Court has already recognized the error in applying Section 4727 in the instant case in Edmonds v. City of Shreveport, 37,645 (La. App. 2d Cir.9/26/03), 855 So.2d 954 stating that:
We note that La. R.S. 33:4727(C)(2)(b), which governs boards of adjustment, was improperly referenced in this matter as pertaining to matters before the Board of Appeals, which was established by Section 106-46 of the Shreveport Code of Ordinances `in accordance with Section 32 of Acts 34, Acts 1954 and R.S. 33:140.32, as amended.' Section 106-46(A). Shreveport Metropolitan Planning is authorized by La. R.S. 33:140.1 et seq, and a Board of Appeals is specifically authorized by La. R.S. 140.32. See also Cook v. Metropolitan Shreveport Board of Appeals, 339 So.2d 1225 (La. App. 2d Cir.1976), writ denied, 341 So.2d 1123 (La.1977), footnote one.
Consequently, the trial court was correct finding that the dismissed plaintiffs do not meet the requirements for standing to bring the present suit. Therefore, we affirm the trial court's grant of the defendant's exception of no right of action.

Certification of Class Action
Under Louisiana law, in order to meet class certification requirements, plaintiffs must meet all of the requirements of La. C.C.P. art. 591(A) and fall within one of the subsections of 591(B). Defraites v. State Farm Mut. Auto. Ins. Co., 03-1081 (La.App. 5th Cir 1/27/04), 864 So.2d 254, writ denied, XXXX-XXXX (La.8/12/01), 869 So.2d 832. Article 591 states in pertinent part:
A. One or more members of a class may sue or be sued as representative parties on behalf of all, only if:
(1) The class is so numerous that joinder of all members is impracticable.
(2) There are questions of law or fact common to the class.
(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.
(4) The representative parties will fairly and adequately protect the interests of the class.
(5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.
B. An action may be maintained as a class action only if all of the prerequisites of Paragraph A of this Article are satisfied, and in addition:
(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to these findings include:
(a) The interest of the members of the class in individually controlling the prosecution or defense of separate actions;
(b) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

*1011 (d) The difficulties likely to be encountered in the management of a class action;
(f) The extent to which the relief plausibly demanded on behalf of or against the class, including the vindication of such public policies or legal rights as may be implicated, justifies the costs and burdens of class litigation;
The burden of establishing that the statutory criteria is met falls on the party seeking to maintain the class action. Cooper v. City of New Orleans, 01-115 (La.App. 4th Cir.2/14/01), 780 So.2d 1158, writ denied, 01-720 (La.5/11/01), 792 So.2d 734; Billieson v. City of New Orleans, 98-1232 (La. App. 4th Cir.3/3/99), 729 So.2d 146, 154, writ denied, 00-946 (La.10/29/99), 749 So.2d 644 and writ denied, 99-960 (La.10/29/99), 749 So.2d 645. A trial court has wide discretion in deciding whether to certify a class and the decision will not be overturned absent a finding of manifest error or abuse of discretion. Defraites, supra; Adams v. CSX Railroads, 92-1077 (La.App. 4th Cir.2/26/93), 615 So.2d 476. However, any errors to be made in deciding class action issues should be in favor of and not against the maintenance of the class action, because a class certification order is subject to modification, if later developments during the course of the trial so require. McCastle v. Rollins Environmental Services of Louisiana, Inc., 456 So.2d 612 (La.1984); Johnson v. E.I. Dupont deNemours and Co., 98-229 (La.App. 5th Cir.10/14/98), 721 So.2d 41.
The purpose and intent of a class action procedure is to adjudicate and obtain res judicata effect on all common issues applicable not only to the class representatives who bring the action, but to all others who are similarly situated, provided they are given adequate notice of the pending class action and do not timely exercise their option of exclusion. Defraites, supra; Doerr v. Mobil Oil Corp., 01-775 (La.App. 4th Cir.2/27/02), 811 So.2d 1135, 1141, writ denied, 02-920 (La.5/31/02), 817 So.2d 105 and writ denied, 02-938 (La.5/31/02), 817 So.2d 106. The interests of justice are not served by the needless time consuming repetition of evidence and litigation of issues in individual trials on a one-by-one basis which are common to the claims of all affected. 5 Newberg on Class Actions, § 17:1 at p. 298 (4th Ed.2002).
Representative class members may sue if "[t]he class is so numerous that joinder of all members is impracticable." La. C.C.P. art. 591(A)(1). Satisfaction of the numerosity requirement includes a determination of whether the parties are so numerous that separate suits would unduly burden the courts. If a burden would result from the prosecution of individual suits, then the class action is more judicially efficient and therefore better than other procedural avenues. Billieson v. City of New Orleans, supra.
The satisfaction of the requirement depends on the facts and circumstances of each individual case. Billieson, supra (citing Cotton v. Gaylord Container, 96-1958 (La.App. 1 Cir. 3/27/97), 691 So.2d 760, writ denied, 97-0800 (La.4/8/97); 693 So.2d 147); Dumas v. Angus Chem. Co., 25,632 (La.App. 2d Cir.3/30/94), 635 So.2d 446, writ denied, 94-1120 (La.6/24/94), 640 So.2d 1349; Ducote v. City of Alexandria, 95-1197 (La.App. 3d Cir.3/6/96); 670 So.2d 1378; Thomas v. Charles Schwab & Co., Inc., 95-1405 (La.App. 3d Cir.9/25/96), 683 So.2d 734, writs denied, 96-2579, 97-0009 (La.1/24/97), 686 So.2d 858, 859.
There is no set number above which a class is considered to have satisfied the numerosity requirement. Dumas, 635 So.2d 446; Billieson, 729 So.2d 146; Ducote, 670 So.2d 1378; Thomas, 683 So.2d 734; Cooper v. City of New Orleans, supra. However, the numerosity requirement *1012 is not met by simply alleging that a large number of potential claimants exist. Dumas, 635 So.2d 446; Clement v. Occidental Chem. Corp., 97-246 (La.App. 5 Cir. 9/17/97), 699 So.2d 1110, writ denied, 97-2884 (La.1/30/98), 709 So.2d 718; Mayho v. Amoco Pipeline Co., 99-620, 99-623, 99-621, 99-624, 99-622 (La.App. 5 Cir. 12/15/99), 750 So.2d 278, writ denied, 00-0110 (La.3/17/00), 756 So.2d 1143. Plaintiffs must show that joinder is impractical and there is a definable group of aggrieved persons. Dumas, supra; Cotton, supra; Cooper, supra; Mayho, supra; Clement, supra. And while the group must be definable, plaintiffs are not required to identify every member of the potential class prior to certification. Billieson, supra; Dumas, supra; Andry v. Murphy Oil, U.S.A., Inc., 97-0793 (La.App. 4th Cir.4/1/98), 710 So.2d 1126; Mayho, supra; McCastle v. Rollins Envtl. Serv. of Louisiana, Inc., supra. After all, the "difficulty in identifying the claimants is one of the factors that makes joinder impracticable and a class action appropriate." Billieson, 729 So.2d at 154; Andry, supra; McCastle, supra.
However, the court's certification of this matter as a class action is in error for several reasons. La. C.C.P. art. 591(B)(3)(f) states that this Court should consider "the extent to which the relief plausibly demanded on behalf of or against the class, including the vindication of such public policies or legal rights as may be implicated, justifies the costs and burdens of class litigation." We find that this matter should never have been certified as a class action when courts are barred from granting the relief sought. Citizens seek class certification to pursue the refund of ad valorem taxes dedicated for 20 years to the payment of voter-approved general obligation bonds. However, no court may interfere with the legally dedicated ad valorem tax stream sought to be refunded to the plaintiff class. La. R.S. 47:2110 specifically provides in pertinent part:
A. No court of this state shall issue any process whatsoever to restrain the collection of an ad valorem tax imposed by the State, or by any political subdivision thereof, under authority granted to it by the legislature or by the constitution.
The general obligation bond proposal, Proposition 8 of 1996, provides both the unalterable legal commitment of the ad valorem tax funds at issue for a period of 20 years and the authorized use of bond proceeds. The bond proceeds are to be used for "acquiring and/or improving lands for a public park, title to which shall be in the public, and to the extent feasible, specifically for the Riverfront Park Extension project set forth in the Citizens Bond Issue Committee Report approved by the City Council on January 23, 1996." It is significant that Citizens' own pleadings admit that the City has used Proposition 8 funds for the use approved by Shreveport voters.
More importantly, the funds Citizens seek to have refunded are already legally obligated and dedicated for 20 years under Proposition 8 to the payment of general obligation bonds sold at the direction of the very citizens sought to be certified as a class. Consequently, the ad valorem tax stream that Citizens seek to have refunded is all dedicated by law to repayment of the bond issue that they, themselves, approved.
Moreover, we find that plaintiffs' cause of action is inappropriate for class certification as it is a "novel and untested theory of law" as identified in Ford v. Murphy Oil U.S.A., Inc., 96-2913, 96-2917, 96-2929 (La.9/9/97), 703 So.2d 542 at 550. Plaintiffs have not cited, nor have we found, any reported case in which claims identical *1013 to those of the plaintiffs have been adjudicated as a class action. The plaintiffs seek to certify a class in order to obtain a refund of ad valorem taxes which have already been dedicated by law to the payment of municipal general obligation bonds, due to an objection to the timing of the development of a municipal park using the bond proceeds.
The trial court also erred in its determination under La. C.C.P. art. 591 that the named class representatives, Brenda O'Brock and Don Sorells, can adequately represent the varying interests of over 70,000 Shreveport property taxpayers with respect to this lawsuit. The evidence shows that the only common motivation of the named class representatives is centered on two interests:
 opposition to the Deja Vu Nightclub
 a belief that the City of Shreveport was obligated under Proposition 8 of 1996 to build a park on Cross Bayou within no more than three years of the passage of this bond proposition, despite no time limit for development of any kind being set forth in the bond proposition.
In its oral reasons for certification, the trial court failed to identify any specific factual findings, common questions of law, or whether the claims of the representatives were typical of that of the class. We find that Citizens have failed to meet their burden of proving that these motives of the class representatives are common and typical of the class as a whole.
The testimony of Brenda O'Brock and Donald Sorrells demonstrated that each was a strenuous opponent of Deja Vu and that each was upset about the fact that a park using Proposition 8 funds had not been built within two or three years of its 1996 passage. There is nothing in the record to support a finding that these plaintiffs represent an interest common to the 70,000 property taxpayers in Shreveport.
As a result, we reverse the trial court's decision to certify this matter as a class action as it is not an issue of law suitable for disposition through class action proceedings, and assuming arguendo that it was capable of such disposition, these plaintiffs cannot adequately represent the proposed class.

Answer to Appeal-Dismissal of Shreveport Mayor Keith Hightower as a Defendant in Class Action
Finally, in answer to the appeal, Citizens contend that the judgment certifying the class action suit should be amended to include Shreveport Mayor Keith Hightower (the "Mayor") as a defendant in the class action suit. Our determination that this matter was improperly constituted as a class action pretermits further discussion of the addition of the Mayor to the class action judgment.

CONCLUSION
Based on the above and foregoing, we affirm the trial court's grant of the exception of no right of action, and we reverse its certification of this matter as a class action. Costs assessed to the plaintiffs.
AFFIRMED IN PART. REVERSED IN PART.
APPLICATION FOR REHEARING
Before STEWART, GASKINS, CARAWAY, MOORE, and LOLLEY, JJ.
Rehearing denied.