|-i STEWART, J.,
concurs with reasons.
I concur in the majority result. However, I would note that the judgment is invalid because plaintiffs simply do not have a right of action nor do they have a cause of action under the facts of the instant case. Under La. C.C.P. art. 927(B) this court may notice a peremptory exception of no cause action or no right of action on its own motion.
Although they are often confused and/or improperly combined in the same exception, the peremptory exceptions of no cause of action and no right of action are separate and distinct. La. C.C.P. art. 927(4) and (5); Industrial Companies, Inc. v. Durbin, 02-0665 (La.01/28/03), 837 So.2d 1207; Downs v. Hammett Properties, Inc., 39,568 (La.App. 2d Cir.04/06/05), 899 So.2d 792. An exception of no cause of action focuses on whether the law provides a remedy against the particular defendant, while the focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit. Id.
In deciding whether a petition states a cause of action, the court must accept well-pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Edwards v. Edwards, 35,953, 35,954 (La.App. 2d Cir.05/08/02), 817 So.2d 414; Arledge v. Hendricks, 30,588 (La.App. 2d Cir.06/26/98), 715 So.2d 135, writ denied, 98-2015 (La.11/20/98), 728 So.2d 1287.
Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts. La. C.C.P. art. 681; Jones v. Bethard, 39,575 (La.App. 2d Cir.04/13/05), 900 So.2d 1081. The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015 (La.11/30/94), 646 So.2d 885; Jones, supra; Tri-State Sand & Gravel, L.L.C. v. Cox, 38,217 (La.App. 2d Cir.04/07/04), 871 So.2d 1253, writ denied, 04-1357 (La.09/24/04), 882 So.2d 1144. The trial or appellate court may notice the objection of no right of action on its own motion. La. C.C.P. *101 arts. 927(B) and 2163. Whether a plaintiff has a right of action is a question of law.
The essential fact of this case is that plaintiffs are squatters who have exercised authority over property that is not theirs for over ten years by renting the property, paying taxes, and otherwise providing maintenance and upkeep. This is not a possessory action nor are plaintiffs seeking ownership via acquisitive prescription. Assuming arguendo that plaintiffs have stated a right or cause of action, the judgment is still invalid as it allows them to have a refund for mortgage notes allegedly paid on the property they did not own in light of the fact that there has been no set off for rents collected on the property by the plaintiffs. So even if the plaintiffs were not squatters and had a cause of action, the judgment would still be amended to reflect an appropriate set off.