STEWART, J.
|]Tom Wilcox, individually and on behalf of the estate of Gaye Wilcox, appeals the trial court’s grant of the defendant’s, Louisiana Patient Compensation Fund’s (“PCF”), exception of no cause of action in response to plaintiffs request for damages under the Nursing Home Residents Bill of Rights (NHRBR). Plaintiffs also appeal the trial court damage awards for their survival and wrongful death actions against South Park Guest Care Center (“South Park”). Finding no merit in plaintiffs claims, we affirm the trial court.
FACTS
On July 25, 2000, Mrs. Gaye Wilcox was admitted to South Park with a diagnosis of schizophrenia. She was in need of twenty-four hour professional nursing care which forced her to move out of the home of her son, Tom Wilcox. South Park agreed to provide the care needed by Mrs. Wilcox for $2,200.00 a month.
As soon as Mrs. Wilcox was admitted, South Park began the use of restraints, strapping her to a bed without a physician’s orders, but rather for the convenience of the staff. Later, Mrs. Wilcox’s treating physician, Dr. Teagle, issued an order permitting the restraints, but it contained the proviso that they must be checked every thirty minutes and released for ten minutes every two hours. The evidence showed that the defendant nursing home staff simply ignored these requirements, continuing to strap Mrs. Wilcox into the bed for their convenience rather than using the restraints in the manner prescribed by her physician for her care and benefit.
|2On numerous occasions during her stay in the nursing home, Mrs. Wilcox suffered personal injuries during her stay in the nursing home. On December 19, 2001, *697 Mrs. Wilcox died of asphyxiation, hanging upside down from the roll belts on the side of her bed.
South Park was sued as a qualified health care provider under the Medical Malpractice Act. A settlement was reached with South Park for $90,000.00, and plaintiffs proceeded against the PCF for the damages for breach of contract, wrongful death and survival damages.
Following a bench trial, the court ruled that the negligence of South Park caused the death of Mrs. Wilcox. The trial court further found that the PCF was liable for the negligence and medical malpractice of South Park. As a result, the court awarded $45,000.00 for the survival action. The trial court further awarded Cliff Wilcox $25,000.00 and Tom Wilcox $75,000.00 for wrongful death. Finally, the court ruled that plaintiffs’ have no cause of action against PCF for violations of the NHRBR by South Park and denied plaintiffs claim for attorney fees. This appeal ensued.
DISCUSSION

Exception of No Cause of Action

In deciding whether a petition states a cause of action, the court must accept well-pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Edwards v. Edwards, 35,953, 35,954 (La.App.2d Cir.05/08/02), 817 So.2d 414; Arledge v. Hendricks, 30,-588 (La.App.2d Cir.06/26/98), 715 So.2d 135, writ denied, 98-2015 (La.11/20/98), 728 So.2d 1287.
Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts. La. C.C.P. art. 681; Jones v. Bethard, 39,575 (La.App.2d Cir.04/13/05), 900 So.2d 1081. The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015 (La.11/30/94), 646 So.2d 885; Jones, supra; Tri-State Sand & Gravel, L.L.C. v. Cox, 38,217 (La.App.2d Cir.04/07/04), 871 So.2d 1253, writ denied, 04-1357 (La.09/24/04), 882 So.2d 1144.
The trial court correctly granted the exception of no cause of action filed by PCF and dismissed plaintiffs claims based on the NHRBR. The PCF can only be liable for compensation arising under the Medical Malpractice Act (“MMA”). This court has recognized that a violation of the NHRBR constitutes a separate tort apart from a claim under the MMA. Gibbs v. Magnolia Living Center, Inc., 38,184 (La.App.2d Cir.4/7/04), 870 So.2d 1111. Claims under the NHRBR are not cognizable against PCF.
It is clear that only La. R.S. 40:2010.8(A) creates the right which, if violated, would be considered malpractice and is clearly the one exception held by the Supreme Court to constitute malpractice. Section (7) states in its entirety:
The right to receive adequate and appropriate health care and protective and supportive services consistent with the resident care 14plan with recognized practice standards within the community and rules promulgated by the Department of Health and Hospitals.
Plaintiff settled his claims against the underlying defendants and dismissed all additional claims against the underlying provider, including NHRBR claims. Because these claims were compromised and dismissed, they cannot be maintained against the PCF.
*698 Further claims for attorney fees pursuant to the NHRBR are punitive and cannot be awarded against PCF for violations under the MMA. It would be inappropriate for a qualified health care provider, such as the underlying nursing home in this case, to pay its surcharge to the PCF only to then be stripped of the act’s protections by having malpractice claims brought outside of the MMA under the NHRBR. Malpractice claims under section 7 of the NHRBR are not meant to repeal or supplant the MMA. A ruling by this Court that a litigant is not entitled to recover the penalties set forth in the NHRBR would not divest nursing home residents of any rights already available. Settlement of the medical malpractice claim would not foreclose maintaining a claim for other violations of the NHRBR against the offending nursing home. In this case, plaintiff could have chosen to obtain penalties and attorney fees from the nursing home and to reserve his cause of action pursuant to the MMA in reaching the settlement with the defendants rather than dismissing those claims with prejudice.
Further, the very wording of the NHRBR clearly shows that the PCF was not intended to be liable for penalties and attorney fees in a NHRBR action. The Historical and Statutory notes for La. R.S. 40:2010.6 sets forth the intent of the legislature in enacting the NHRBR. There is an explicit preference that the statute relates to nursing homes, and there is no mention of the PCF or any liability it may incur. The fact that the PCF is not mentioned anywhere in the sections comprising the NHRBR is evidence that the legislature did not intend to make the PCF liable for penalties and attorney fees.
The trial court properly denied the plaintiffs breach of contract claim as he failed to produce any evidence of the existence of a contract between the nursing home and Mrs. Wilcox. The damages in this case flowing from the wrongful death and survival claims are subsumed within any nonpecuniary damages they might be entitled to in contract.

Damages

Lastly, the trial court made appropriate damage awards to the claimants for the survival damages of Mrs. Wilcox and wrongful death claims of her two sons. Mrs. Wilcox’s condition had steadily declined since the early 1990’s and her schizophrenia had rendered her completely incoherent at times. At the time of her death, Mrs. Wilcox was 83 years old and had only months to live according to the trial testimony. The testimony of Dr. George McCormick and Dr. David Henry indicated that Mrs. Wilcox suffered very little when she suffocated because of her poor medical condition, and that any conscious pain or suffering would have been minutes instead of the hours claims by the plaintiffs.
Consequently, the award of $45,000.00 was more than adequate considering that other wrongful death awards that were considerably lower have been affirmed. Tom Wilcox' saw his mother about five times a month |fiin the nursing home, but her mental faculties had reduced to the point that she often did not recognize him. Cliff Wilcox had lived in California since 1977 and would usually only visit his mother one weekend per year. In fact, although his mother was hospitalized several times over the years, he never visited her once in the hospital. Moreover, Cliff did not speak to her over the phone because she had difficulty hearing. Cliff had not spoken to his mother at all during the last year of her life. The awards given to Tom and Cliff Wilcox were more than adequate under the facts of this case.
*699 CONCLUSION
In sum, the trial court correctly denied plaintiffs’ claims against the PCF and did not abuse its vast discretion in the damages awarded for the survival or wrongful death actions.
AFFIRMED.
APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, GASKINS, PEATROSS and LOLLEY, JJ.
Rehearing denied.