917 So.2d 1229 (2005)
Henry C. WALKER and David Ray Wammack, Plaintiffs-Respondents,
v.
The STATE of Louisiana through the LOUISIANA LEGISLATURE and The Judges of the First Judicial District Court, all in their official capacity, Defendants-Applicants.
No. 40,402-CW.
Court of Appeal of Louisiana, Second Circuit.
December 21, 2005.
Rehearing Denied January 19, 2006.
*1230 Charles C. Foti, Jr., Attorney General, Terry F. Hessick, Burton Guidry, Mary Hunley, David Sanders, Michael Creighton, Assistant Attorney Generals, for Defendants-Applicants.
Lunn, Irion, Salley, Carlisle & Gardner by Charles Salley, Pamela R. Jones, Shreveport, for Plaintiff-Respondent, Henry Walker.
Before BROWN, C.J., and STEWART, and MOORE, JJ.
BROWN, C.J.
This action was filed by Henry C. Walker (Walker), a Shreveport attorney,[1] against the State of Louisiana, through the legislature and the judges of the First Judicial District in their official capacity, seeking declaratory and injunctive relief.
*1231 Walker sought a judicial declaration regarding the constitutionality of the statutes governing the appointment of members to the Indigent Defender Boards ("IDB") throughout the state. He asserted that the current appointing procedure is unconstitutional as it makes the boards vulnerable to judicial influence and interference. Walker also demanded a declaration that he be reinstated to the local board in Caddo Parish ("Board").
Defendants filed a number of exceptions, most of which were granted; however, the exception of no right of action as to Walker's legal capacity to pursue declaratory relief regarding the constitutionality of the states governing the appointment of members to the IDB and Walker's request to be reinstated as a member of the Caddo Parish IDB were denied.[2] It is from this denial of the exception of no right of action that defendants applied for a supervisory writ which was granted and docketed.

Facts and Procedural Background
Henry Walker is a Shreveport attorney who has served on the Board in Caddo Parish. His last term on the Board ended on December 31, 2002. Although he was recommended to be reappointed to the Board in 2003 and 2004 by the Shreveport Bar Association, he was not selected to serve.
In December 2002, the judges of the First Judicial District asked the Shreveport Bar Association for ten nominees, from which list the judges would select seven attorneys to serve on the Caddo Board. The Shreveport Bar, however, refused to nominate more than seven persons for the seven member Board. Implicit in their refusal to provide the number of nominees requested by the judges is the idea that the Bar, not the judges, would in fact select the Board.
Thereafter, the judges exercised the discretion granted to them by La. R.S. 15:144(B) and added three more nominees. They then selected seven to serve on the Caddo Board for 2003. Three of the seven people nominated by the Bar, including Walker, were not appointed. This same scenario played out for the appointment process for the 2004 Board, except at that time, the judges also asked for and were given ten nominees each from the Black Lawyers Bar Association and the Republican Bar Association. Neither of these other bar associations nominated Walker.
In brief, plaintiff states:
The two biggest problems with this (indigent defender) system are that the boards are (underfunded) and lack independence from undue influence. This lawsuit and one filed in (Calcasieu) Parish were filed for the purpose of addressing these two biggest problems. A pending class action in (Calcasieu) Parish seeks to focus the state's attention on the issue of inadequate funding of the state's indigent defender system. The purpose of Henry Walker's lawsuit is to obtain judicial review of the statutes that render the state's indigent defender boards so vulnerable to undue political influence.
In denying defendants' exception of no right of action, the trial court held:
This is an action by a former Indigent Defender Board ("IDB") member to judicially declare the statutes and procedures governing selection of IDB members unconstitutional or otherwise illegal. Requirements for standing in *1232 declaratory judgment suits are liberally construed. Bernhardt v. Fourth Judicial District Indigent Defender Board, 501 So.2d 1077 (La.App. 2d Cir.1987). The Court finds that Mr. Walker meets the "a person interested" requirement of La. C.C.P. art. 1872 because of his prior service on the IDB and his nomination by the Shreveport Bar Association to serve on the 2003 and 2004 boards.
In this respect, defendants have appealed the denial of their exception of no right of action.

Discussion
In 1961, Clarence Earl Gideon was charged with having broken into a poolroom with intent to commit a misdemeanor, a felony under Alabama law. He was indigent and requested that the court provide him with a lawyer. His request was denied and Gideon was forced to defend himself at trial. He was convicted and sentenced to five years in prison. The U.S. Supreme Court declared that "in our adversary system of criminal justice, any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him." The Gideon Court noted that lawyers are necessities, not luxuries, and held that an indigent accused of a crime, whether tried in state or federal court, is entitled to free legal representation. Gideon v. Wainwright, 372 U.S. 335, 344, 83 S.Ct. 792, 796, 9 L.Ed.2d 799, 93 A.L.R.2d 733, (1963).
To fulfill the promise of Gideon, the Louisiana Legislature enacted La. R.S. 15:144, et seq. These statutes established Indigent Defender Boards in each judicial district throughout the state to fulfill the obligation to provide indigent criminal defendants with legal counsel. Louisiana Revised Statute 15:144 grants the judges in each judicial district the authority to appoint board members, to establish the criteria for selection to the IDB, and to set terms of office. Subsection (B) of La. R.S. 15:144 states:
Each district board shall be composed of no less than three nor more than seven members as determined by the district court. Board members shall be selected by the district court ... from nominees provided by each bar association within the judicial district. In the event no nominations are submitted by the bar association within a judicial district, a majority of the district court judges shall select a board member. (Emphasis added).
Walker alleged that defendants, empowered by La. R.S. 15:144(B), involved themselves in the functioning of the Board to the extent that by 2003 the judges effectively supervised and controlled the Board's operations. Walker further alleged that his outspoken advocacy against the judges' gradual takeover was the primary reason they failed to reappoint him and two others to serve on the Board in 2003 and 2004.
In Caddo Parish, the IDB has historically consisted of seven members, each nominated by the Shreveport Bar Association. Traditionally, the terms of service for the Board were longer than a single year, and staggered so that experienced members were always serving. On December 3, 2002, the district judges requested from the Shreveport Bar Association a list of ten nominees from which seven members would be selected to serve one-year terms. The Shreveport Bar members submitted a list of only seven names, Walker being one of the named nominees. The Bar specifically refused to nominate more than seven persons. It appears that this was a tactic by which the Bar sought to control the membership selection process. One motivation behind this conflict was the dissatisfaction of civil trial lawyers who *1233 resided in Caddo Parish at being appointed to represent indigent defendants in criminal cases (particularly after funding cuts eliminated provisions for conflicts attorneys). Louisiana Revised Statute 15:145(B)(1)(a) provides in part that in the event of an inadequate number of volunteer attorneys, appointment shall be from a list provided by the district board of nonvolunteer attorneys.
Louisiana Revised Statute 15:144(B) reads, in part, "In event that no nominations are submitted by the bar association within the judicial district, a majority of the district court judges shall select a board member." Because the Shreveport Bar Association refused to provide the judges with the number of nominations they asked for, the judges interpreted La. R.S. 15:144(B) as giving them power to nominate the three extra persons they initially requested. Thereafter, the judges appointed to serve on the IDB for the 2003 term three lawyers who were not nominated by the Shreveport Bar Association and did not reappoint three of the former board members, including Henry Walker, that the Shreveport Bar Association did nominate. All appointments were for a one-year term. The following year the judges took nominations from two other bar groups and thus, received a total of 27 nominees from which they would pick seven members. Walker objected to these changes, which involved no longer staggering the terms and making each term for only one year.
As noted above, Walker filed suit in 2004, seeking declaratory relief regarding the constitutionality of the following statutes and laws:
La. R.S. 15:144(B) which allows the judges of a judicial district to establish the size of the judicial district indigent defender board and appoint the board members.
La. R.S. 15:144(D) which authorizes the judges of a judicial district to establish rules, regulations and policies regarding the appointment of members to the indigent defender board.
La. R.S. 15:145(A) which prohibits the non-volunteer appointment of any attorney over the age of 55 to serve as counsel for indigent defendants.
La. R.S. 15:145(H) which requires indigent defender boards to establish hiring policies of selecting a proportionate number of minority and women lawyers in accordance with the make-up of the general population.
In addition, Walker sought a declaration of his personal status vis-a-vis the Caddo Parish Indigent Defender Board.

No Right of Action or No Interest in the Plaintiff
La. C.C.P. art. 1872 states:
A person ... whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration or rights, status, or other legal relations thereunder.
Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts. La. C.C.P. art 681; Edmonds v. City of Shreveport, 39,893 (La.App.2d Cir.08/31/05), 910 So.2d 1005.
The function of the exception of no right of action is to question whether the law extends a remedy to the plaintiff under the factual allegations in the petition; or in other words, to determine if the plaintiff is a member of that class of persons to whom the law grants the cause of action asserted in the suit. Louisiana *1234 Paddlewheels v. The Louisiana Riverboat Gaming Commission, 94-2015 (La.11/30/94), 646 So.2d 885; Jones v. Bethard, 39,575 (La.App.2d Cir.4/13/05), 900 So.2d 1081.
Employing the jurisprudence cited above, defendants argue that, subject only to the requirement that lists of qualified nominees from each bar association in the district are to be submitted and considered, the authority to appoint the IDB members is entirely at the discretion of the district judges. Defendants argue that since Walker has no contract to serve on the IDB, and has no right to be appointed, Walker has no interest in the appointment process. Since the defendants can appoint members for a certain term, and reappoint them at their discretion, it is apparent that no board member has any vested right to reappointment after his or her term has expired. Walker argues, however, that as a former IDB member, and as a nominee in 2003 and 2004, he must have standing to question the constitutionality of the appointment process as written in the statutes and as applied by the defendant judges.
Walker asserts that by not appointing him to the Board and imposing one year, non-staggering terms of service, the judges have exerted undue influence and control over the indigent defender system. Walker claims that such control violates the separation of powers between different branches of government in violation of Article II, Section 2 of the Louisiana Constitution. From this he argues La. R.S. 15:144 et seq. are facially unconstitutional. It is his position that the judges have premeditatively used the appointment process to take control of the indigent defender system in Caddo Parish.[3]
It is difficult to imagine what class of plaintiff would be appropriate to challenge the constitutionality of the statutes setting up a board to represent indigent defendants if defendants' argument is accepted. Some class of plaintiff must exist, since no legislation or governmental act can be beyond question in a free society. Walker is a citizen and certainly can challenge the process.
We find that the trial court accurately interpreted La. C.C.P. art. 1872 to require only a minimal threshold for standing for declaratory judgment relief and found that Walker met the "person interested" requirement for standing under article 1872.

Walker's Reinstatement
Walker's term on the Board had in fact expired on December 31, 2002. He had no right to be reappointed. Defendants argue that Walker has no constitutionally protected property or liberty interest in reappointment to the Board; that he has no legitimate claim of entitlement to reappointment and, therefore, no property right in his expectation to be reappointed; and further, that such an expectation does not rise to the level of a vested right that would entitle him to bring a claim for reappointment.
*1235 In brief, Walker argues that the issue is not whether he had a right to be reappointed vel non but "given the iniquitous actions of the defendant Judges, and the unconstitutional statutory scheme which wrongfully confers upon the judges the power to so act, is whether Walker was unlawfully denied reappointment (because the Judges should have no power to appoint or could only appoint those nominated by the Shreveport Bar)." Under this allegation, Walker had more than an expectation. Thus, the trial court correctly found that Walker had a right of action.

Conclusion
For the reasons set forth above, the judgment of the trial court is affirmed.
APPLICATION FOR REHEARING
Before BROWN, STEWART, CARAWAY, PEATROSS, and MOORE, JJ.
Rehearing denied.
NOTES
[1] David Ray Wammack, a prisoner in Caddo Parish who was being represented by an indigent defender, was also an original plaintiff; however, after pleading guilty in the criminal case, Wammack requested and obtained a dismissal from this action.
[2] The hearing on defendants' exception was held on April 21, 2004. A ruling with reasons was issued on June 30, 2004; however, the judgment was not signed until 11 months later on May 13, 2005. The exception of no right of action was denied, and defendants filed a notice of intent to apply for writs on May 25, 2005.
[3] We note that La. R.S. 15:144(E) directly addresses Walker's argument:

The members of the indigent defender boards and the attorneys assigned to represent indigents as provided in this Title, upon appointment, shall be subject to judicial supervision only in the same manner and to the same extent as attorneys engaged in the private practice of law. The authority of the district court judges in each judicial district to appoint members to the district board shall not in any way be construed to authorize those judges to participate in specific management decisions of the district board, in order to preserve the independence of attorneys appointed to represent indigent defendants consistent with the standards adopted by the American Bar Association and other standards of practice. (Emphasis added).