899 So.2d 792 (2005)
Shirley DOWNS, Plaintiff-Appellant,
v.
HAMMETT PROPERTIES, INC., Defendant-Appellee.
No. 39,568-CA.
Court of Appeal of Louisiana, Second Circuit.
April 6, 2005.
Kenneth L. Harper, for Appellant.
Paul L. Hurd, MOnroe, for Appellees Hammett Properties, Inc. and Timothy W. Hammett.
Before STEWART, DREW and MOORE, JJ.
*793 STEWART, J.
Shirley Downs ("Downs") appeals from a judgment dismissing her redhibition action against Hammett Properties, Inc. and Timothy W. Hammett. We affirm.

FACTS
According to her September 18, 2002, petition, Ms. Downs sought to buy a piece of property in Ouachita Parish suitable for subdivision into four tracts to be used for homes for herself and each of her three children in 2001. She alleged that she informed Timothy Hammett, president of Hammett Properties, Inc., of her intention to subdivide the property in this manner. On November 21, 2001, Ms. Downs executed an act of exchange with Hammett Properties, Inc., wherein she exchanged her existing house in West Monroe and a note *794 for $13,000.00 for a 3.947-acre tract in Calhoun, Louisiana.
Subsequent to the exchange, Ms. Downs learned of a Ouachita Parish ordinance that restricted the subdivision of her land to tracts with a minimum size of 1.25 acres each. This restriction made it impossible to subdivide the four-acre tract into four lots. In her petition, she alleged that Timothy Hammett and Hammett Properties, Inc., knew of this ordinance and did not disclose it to her. She sued Timothy Hammett individually as well as Hammett Properties, Inc., and sought damages, attorney fees, and legal interest.
In October 2002, the defendants responded with exceptions of no right and no cause of action and an answer generally denying the allegations of the petition. Further, Hammett Properties, Inc., brought a reconventional demand against Ms. Downs for unpaid rent in the amount of $1,300.00. Ms. Downs answered the reconventional demand with general denials.
The court heard argument on the exceptions on July 7, 2004, but no party requested that the hearing be recorded so no transcript appears in the appellate record. That same day, the court signed a judgment sustaining the exceptions of "no cause / right of action" because "the ordinance in question was public knowledge and this Court concludes redhibition is not applicable." The judgment also stated that "all other relief is, hereby, denied." From this judgment, Ms. Downs now appeals.

DISCUSSION
On appeal, Ms. Downs argues that the trial court erred in dismissing her action because of her allegation that the defendants defrauded her. Ms. Downs further argues that the court erred in failing to allow her the opportunity to amend her petition.
The trial court seemingly granted both exceptions of no right of action and no cause of action despite their different natures. In Industrial Companies Inc. v. Durbin, XXXX-XXXX (La.1/28/03), 837 So.2d 1207, the supreme court explained:
[A]lthough they are often confused and/or improperly combined in the same exception, the peremptory exceptions of no cause of action and no right of action are separate and distinct. La.Code of Civ. Proc. art. 927(4) and (5). This court has recognized that one of the primary differences between the two exceptions lies in the fact that a frequent focus in an exception of no cause of action is on whether the law provides a remedy against the particular defendant, while the focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit....
Citations omitted.
Generally, an action can only be brought by a person having a real and actual interest which he asserts. La. C.C.P. art. 681; Durbin, supra. The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. La. C.C.P. art. 927(5). The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Id. Plainly, Ms. Downs has a right of action in this matter; she is the individual party to the exchange of the property in question.
La. C.C.P. art. 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment *795 within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
The exception of no cause of action was also explained in Durbin, supra:
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the particular plaintiff is afforded a remedy in law based on the facts alleged in the pleading. The exception is triable on the face of the petition and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court and this court should conduct a de novo review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial.
Citations omitted.
Ms. Downs' petition alleged that Hammett and Hammett Properties knew of the alleged Ouachita Parish ordinance and knew that the ordinance made the property not suitable for her intended use, but sold her the property anyway. No party has produced a copy of or identified the ordinance in question. Defendants asserted in their answer that "upon information and belief, the subject immovable property is fit for its ordinary use and is legally susceptible to being sub-divided into four or more residential lots." In brief, they acknowledge that a Parish ordinance requires a lot of at least 1.25 acres for a residence that relies on a mechanical sewage disposal system. Presumably this is Ouachita Parish Ordinance Sec. 21.5-127(4), which provides:
(4) Where the use of individual disposal systems is approved by the Ouachita Parish Police Jury and the Ouachita Parish Health Unit each lot so served shall be of a size and shape to accommodate the necessary length of filter field at a safe distance from and at a lower elevation than the proposed building. Such lot shape and size shall conform to the standards set forth in Article VI.
In the absence of an acceptable effluent drainage course and/or easements from adjacent property owners, a minimum of 1.25 acres shall be required for all new developments utilizing individual sewage technology that generates an effluent.
Redhibitory defects are defined in La. C.C. art. 2520 which provides:
The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.
A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.
A defect is redhibitory also when, without rendering the thing totally useless, it *796 diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.
An ordinance that restricts the subdivision of property is not a "defect" or "vice" in the "thing sold" within the meaning of this article; it is merely a restriction on the use of the property. Consequently, it is unnecessary to apply La. C.C. art. 2521, which states that a seller owes no warranty for defects that a reasonably prudent buyer of such things should have discovered. "Defect" and "vice" have been described as a "physical imperfection or deformity, a lacking of a necessary component or level of quality." Williams v. Louisiana Machinery Company, Inc., 387 So.2d 8, 11 (La.App. 3d Cir.1980). Further, the property may be suitable for many uses upon which such an ordinance has no impact.
However, La. C.C. art. 2524 provides:
The thing sold must be reasonably fit for its ordinary use.
When the seller has reason to know the particular use the buyer intends for the thing, or the buyer's particular purpose for buying the thing, and that the buyer is relying on the seller's skill or judgment in selecting it, the thing sold must be fit for the buyer's intended use or for his particular purpose.
If the thing is not so fit, the buyer's rights are governed by the general rules of conventional obligations.
Ms. Downs did not allege in her petition that she relied on the skill or judgment of the seller or its agent in selecting the tract that she bought (although the defendants' answer asserted that she did not so rely). However, the law recognizes a cause of action against the seller when such reliance exists. Although the public is presumed to know the law, see Miles v. Kilgore, 191 So. 556 (La.App. 2d Cir.1939), in some circumstances a person may rely on the advice or assertions of others. See, e.g., La. C.C. art.1954, which provides:
Fraud does not vitiate consent when the party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience, or special skill.
This exception does not apply when a relation of confidence has reasonably induced a party to rely on the other's assertions or representations.
Nonetheless, whatever subdivision regulations or ordinances existed concerning the subject property were matters of public record and easily and equally attainable by the plaintiff prior to the execution of the act of exchange. Whether or not the defendants may have been aware of the existence of these ordinances is immaterial as this is not the type of information relative to the essential quality of the land so as to require an affirmative declaration on the part of the defendant. In other words, this alleged failure to apprise Ms. Downs of the existing ordinance and regulation is not a redhibitory vice.
Moreover, the decision to allow amendment of a pleading to cure the grounds for a peremptory exception is within the discretion of the trial court. Thompson v. Jackson Parish Police Jury, 36,497 (La.App.2d Cir.10/23/02), 830 So.2d 505. The relationship between Ms. Downs and the defendants is poorly developed in this record. Since this court's review is limited to the record and there is no transcript in the record of the hearing below, there is no showing by the appellant that the trial court abused its discretion in denying Ms. Downs leave to amend her petition.

*797 CONCLUSION
The judgment of the district court is affirmed at appellant's cost.
AFFIRMED.