978 So.2d 1230 (2008)
FIA CARD SERVICES, N.A., Plaintiff-Appellant,
v.
Bryan Scott GIBSON, Defendant-Appellee.
No. 43,131-CA.
Court of Appeal of Louisiana, Second Circuit.
March 19, 2008.
*1232 Eaton Group Attorneys, L.L.C. by Linda L. Lynch, Gregory M. Eaton, Baton Rouge, for Plaintiff-Appellant.
Robert A. Booth, Jr., for Defendant-Appellee.
Before BROWN, GASKINS and LOLLEY, JJ.
GASKINS, J.
The plaintiff, FIA Card Services, N.A., appeals from a trial court judgment denying its petition to confirm an arbitration award against the defendant, Bryan Scott Gibson. In effect, the trial court granted a peremptory exception of no right of action, finding that the plaintiff was not the proper party to seek confirmation of the arbitration award. For the following reasons, we affirm the judgment insofar as it grants the exception, but amend and remand this matter to permit the plaintiff to amend its petition, if possible, to establish a right of action.

FACTS
On December 15, 2006, FIA Card Services, N.A. (FIA) filed a petition in Bossier City Court to confirm and recognize an arbitration award for $10,762.13 against the defendant, Bryan Scott Gibson. The arbitration award contained in the record shows that the claimant is MBNA America Bank, N.A. (MBNA), not FIA. This award is dated September 26, 2006. The defendant answered, claiming that he was not indebted to the plaintiff, there was no evidence that he signed any agreement, he had no knowledge of the arbitration proceedings, and he did not agree to arbitration.
In May 2007, FIA filed a motion and memorandum to confirm the arbitration award. A hearing on the motion was held on July 30, 2007. Zach Blanchard represented the plaintiff and Robert Booth represented the defendant. At the hearing, in effect, the lower court granted an exception of no right of action in favor of the defendant. The following exchange transpired before the lower court:
MR. BLANCHARD: Zach Blanchard for the plaintiff, Your Honor. This was submitted for arbitration and an award was rendered on 26th of September 2006, in the amount of $10,762.13 and the matter is before the Court this afternoon to make that arbitration award executory in this Court.
THE COURT: All right, Mr. Booth, do you wish to be heard?
MR. BOOTH: Yes sir. The arbitration award was made to MBNA, American [sic] Bank. The suit is filed under FIA Card Services. I have nothing in the file to indicate any sort of assignment. It looks like they have gotten the wrong arbitration in the wrong suit. That is all I can figure out. Do you have those?
MR. BLANCHARD: I don't know how FIA became a party to this suit, Your Honor.

*1233 THE COURT: The arbitration award is in favor of MBNA? Is that right, Mr. Blanchard?
MR. BLANCHARD: Yes sir.
THE COURT: The suit that is before us today is brought by FIA Card Services, NA? Is that right?
INAUDIBLE VOICE: Yes sir, Your Honor.
MR. BOOTH: We would move to have the matter dismissed with prejudice.
THE COURT: Mr. Blanchard, I think Mr. Booth's question is certainly a legitimate question. Anything else you have to add, Mr. Blanchard?
MR. BLANCHARD: No sir, Your Honor.
THE COURT: Based on the record and what has been presented today, I will have to deny the plaintiff's request. I will have to deny the, ah, this is up on a motion to confirm the arbitration award. That motion will be denied with prejudice at the cost of the plaintiff. . . .
On August 27, 2007, the trial court signed a judgment denying with prejudice the plaintiff's motion to confirm the arbitration award, at the plaintiff's cost. The plaintiff appealed, claiming that the lower court erred in failing to confirm the arbitration award and in granting the exception of no right of action.

ARBITRATION
FIA argues that the trial court erred in failing to confirm and recognize the arbitration award. This argument is without merit.
Arbitration is a process of dispute resolution in which a neutral third party (arbitrator) renders a decision after a hearing at which both parties have an opportunity to be heard. The object of arbitration is the speedy disposition of differences through informal procedures without resort to court action. Conagra Poultry Company v. Collingsworth, 30,155 (La.App.2d Cir.1/21/98), 705 So.2d 1280.
Louisiana has adopted a policy favoring arbitration. Aguillard v. Auction Management Corporation, 2004-2804 (La.6/29/05), 908 So.2d 1; Broussard v. Compulink Business Systems, Inc., 41,276 (La.App.2d Cir.8/23/06), 939 So.2d 506. Arbitration in this state is governed by the Louisiana Arbitration Act found in La. R.S. 9:4201 et seq. La. R.S. 9:4201 provides:
A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
La. R.S. 9:4209 provides that, at any time within one year after the award is made, any party to the arbitration may apply to the court in and for the parish within which the award was made for an order confirming the award and thereupon the court shall grant such an order unless the award is vacated, modified, or corrected as prescribed in La. R.S. 9:4210 and 9:4211.[1] La. R.S. 9:4210 provides:
In any of the following cases the court in and for the parish wherein the award *1234 was made shall issue an order vacating the award upon the application of any party to the arbitration.
A. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.
La. R.S. 9:4211 states:
In any of the following cases the court in and for the parish wherein the award was made shall issue an order modifying or correcting the award upon the application of any party to the arbitration.
A. Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
B. Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted.
C. Where the award is imperfect in matter of form not affecting the merits of the controversy.
The order shall modify and correct the award so as to effect the intent thereof and promote justice between the parties.
La. R.S. 9:4213 specifies in pertinent part that notice of a motion to vacate, modify, or correct an award shall be served upon the adverse party or his attorney within three months after the award is filed or delivered, as prescribed by law for service of a motion in an action. According to FIA, under this provision, the defendant had three months following the filing or delivery of the arbitration award in which to assert any grounds that he may have had for vacating, modifying, or correcting the award. Due to the expiration of this time period without any action by the defendant to seek to attack the arbitration award, FIA contends that any objections by the defendant have prescribed and the lower court could not have entertained any arguments raised by the defendant for any reason. FIA further asserts that the statutory scheme for arbitration precludes the lower court from addressing the merits of the award. FIA points out that arbitration is favored and the scope of review of such awards is narrow. Based upon these factors, FIA maintains that the lower court had no choice but to affirm the arbitration award and erred in failing to do so.
In examining the lower court judgment, it is clear that court did not consider or rule upon the objections to the arbitration award raised by the defendant in his answer. The only issue considered and ruled upon, in the short hearing held in the lower court, was the exception of no right of action. As discussed below, the lower court did not consider the issues regarding confirmation of the arbitration award because FIA failed to show that it was the proper party to petition for confirmation of the award. Because the lower court did not rule upon these issues, there *1235 is no judgment rejecting the substantive claims of FIA to enforce the award. Therefore, FIA's argument in this regard is without merit.

RIGHT OF ACTION
The plaintiff argues that the trial court erred in sustaining a peremptory exception of no right of action raised by the defendant orally at the hearing in this matter. This argument is without merit.
Generally, an action can only be brought by a person having a real and actual interest which he asserts. La. C.C.P. art. 681; Downs v. Hammett Properties, Inc., 39,568 (La.App.2d Cir.4/6/05), 899 So.2d 792. The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. La. C.C.P. art. 927(5). The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Downs v. Hammett Properties, Inc., supra; North Central Utilities, Inc. v. East Columbia Water District, 449 So.2d 1186 (La.App. 2d Cir.1984).
La. C.C.P. art. 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
The decision to allow amendment of a pleading to cure the grounds for a peremptory exception is within the discretion of the trial court. Downs v. Hammett Properties, Inc., supra.
The defendant was correct in asserting that there is no showing in the record that FIA has the right to enforce an arbitration award in favor of MBNA. There is no dispute that MBNA had the right to assign the arbitration award to another party. While MBNA may have assigned the arbitration award to FIA and FIA may, by virtue of the assignment, be entitled to seek enforcement of the arbitration award, FIA made no showing that such an assignment was, in fact, made. Without this basic showing, the trial court was correct in sustaining what, in essence, was an oral peremptory exception of no right of action raised by the defendant.
Further, there is no merit to FIA's complaint that the exception was raised for the first time orally at the hearing on this matter. We recognize that exceptions are pleadings which are to be made in writing. La. C.C.P. art. 852. Accordingly, an oral exception is not proper. However, La. C.C.P. art. 927 specifies that the failure to disclose a right or interest in the plaintiff to institute the suit may be noticed by either the trial or appellate court of its own motion. Therefore, even though the exception of no right of action was not properly raised by the defendant, it was proper for the trial court to address the exception and it is properly before this court for review. See Murrill v. Edwards, 613 So.2d 185 (La.App. 1st Cir.1992), writ denied, 614 So.2d 65 (La.1993). Also, we find that the lower court could properly decide the exception of no right of action which goes to the heart of the fundamental fairness of the arbitration award.
FIA simply failed to make any showing that it was entitled to seek enforcement of the arbitration award in this case. Based upon the record before us for review, the trial court was correct in sustaining the *1236 exception of no right of action raised by the defendant. We affirm that portion of the trial court judgment.
However, we find that the trial court erred in dismissing the matter with prejudice. Rather, the trial court should have granted FIA the opportunity to amend its petition to state a right of action in this matter. La. C.C.P. art. 934 provides that when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. We amend the trial court judgment to make the dismissal without prejudice and remand to allow FIA an opportunity to amend the petition to show that it has a right of action to enforce the arbitration award in this matter against the defendant, and to provide documentation, if needed. If FIA is able to remove the grounds for the exception of no right of action, then this matter shall proceed for the lower court to also consider the merits of this matter, within the legal parameters set forth above.

CONCLUSION
For the reasons stated above, that portion of the judgment sustaining the exception of no right of action is affirmed. However, the judgment is amended to make the dismissal without prejudice and to allow the plaintiff 15 days from the rendition of this judgment in which to amend the petition to show that the plaintiff, FIA Card Services, N.A., has a right of action to enforce the arbitration award in this matter against the defendant, Bryan Scott Gibson. If this showing is made, then this matter shall then be heard on the confirmation of the arbitration award.
AMENDED AND AFFIRMED; REMANDED.
BROWN, C.J., concurs with written reasons.
BROWN, Chief Judge, Concurring.
This was a hearing/trial of plaintiff's motion/petition, and plaintiff simply failed to prove its case. I agree that the trial court was correct in dismissing the action. I would not characterize it an exception of no right of action and would affirm the dismissal with prejudice.
NOTES
[1] Even though the review of arbitration awards is limited to the grounds set forth in the Louisiana Arbitration Act, the appellate court's function is to determine whether the arbitration proceedings have been fundamentally fair. Montelepre v. Waring Architects, XXXX-XXXX (La.App. 4th Cir.5/16/01), 787 So.2d 1127.