981 So.2d 246 (2008)
ASSOCIATION FOR RETARDED CITIZENS/OUACHITA, Plaintiff-Appellee
v.
Katherine WILSON, aka Katherine Able and Aventine Press, LLC, Defendants-Appellants.
No. 43,193-CA.
Court of Appeal of Louisiana, Second Circuit.
April 30, 2008.
*247 Eric R. Goza, New Orleans, for Appellants.
McCranie, Sistrunk, Anzelmo, Hardy, Maxwell & McDaniel, by Michael T. Tusa, Jr., James C. Rather, Jr., Metairie, for Appellee.
*248 Before BROWN, STEWART and MOORE, JJ.
STEWART, J.
The defendants, Katherine Wilson, a/k/a Katherine Able (hereafter "Wilson") and Aventine Press, L.L.C., appeal a judgment denying exceptions of no cause of action and no right of action, and granting a preliminary injunction enjoining future publication of two short stories written by Wilson. Finding that neither the federal or state provisions relied on by the plaintiff, the Association for Retarded Citizens/Ouachita ("ARCO"), provide a cause of action or right of action that would entitle it to injunctive relief, we reverse the trial court's judgment.

FACTS
According to its petition for an injunction, ARCO provides Medicaid waiver services to qualifying developmentally disabled individuals. Wilson had been employed by ARCO as a direct care provider. As an ARCO employee, Wilson was required to maintain the confidentiality of the clients' identifying health information as provided by federal and state laws. ARCO conducted training for its employees about the confidentiality provisions and had Wilson sign an acknowledgment.
The petition related that in July 2003, Aventine Press published a book of short stories written by Wilson. ARCO believed that one of the stories in the book contained "protected health information which provides a reasonable basis for identification of individual clients." Therefore, ARCO filed for and obtained an injunction that stopped publication of the book.
Wilson published a second book, Shades of Blue, Volume II. ARCO claimed that this book includes the stories "And All of That" and "Bride Ready" and that these two stories run afoul of the federal and state confidentiality provisions by portraying "conversations, physical descriptions and other descriptive indicia of several of [its] Medicaid waiver clients."[1] Specifically, one story uses a client's last name. ARCO asserted that Wilson's disclosure of information about its clients jeopardizes its licenses and state contracts for providing services to Medicaid waiver clients.
The petition alleged that irreparable harm would result to ARCO and its clients from Wilson's disclosure of the protected information and that there was no other adequate remedy at law. Therefore, ARCO requested the issuance of a preliminary and permanent injunction to cease publication of Shades of Blue, Volume II and to stop further "circulation, distribution and sale of any copies of said book. . . ."
The defendants filed the special motion to strike authorized by La. C.C.P. art. 971, but it was denied by the trial court. Next, the defendants filed exceptions of no cause of action and no right of action. They alleged that neither the applicable federal or state law provides a private cause of action for enforcement and that ARCO lacks standing to assert the privacy interests of its clients.
At hearings on June 15, 2007, the trial court denied the exceptions and granted ARCO's motion for a preliminary injunction. According to the minutes, the parties declined to have the proceedings recorded. Therefore, the trial court's oral ruling in ARCO's favor was not included in the record. Because this matter appeared to present an issue of first impression, *249 this court ordered the trial court to submit a per curiam setting forth the reasons for the ruling. The trial court found that ARCO had a duty under La. R.S. 46:56 to protect the confidentiality of its clients' information and that it would be required to act to protect its clients when a breach of confidentiality occurs. The trial court determined that Wilson's stories included unique facts that would enable anyone in the Monroe community who was familiar with the particular client to identify him or her from Wilson's fictional stories.
A judgment granting the preliminary injunction was signed on August 10, 2007. The relevant part of the judgment states:
IT IS FURTHER ORDERED that plaintiff's Preliminary Injunction is hereby GRANTED, the short stories, "And all That" and "Bride Ready," are enjoined from future publication in their current form; and in the event plaintiff elects to republish the short stories, "And All That" and "Bride Ready," defendant, Katherine Wilson/Katherine Able is hereby ordered to revise, edit and/or rewrite any and all portions of the above-stated short stories, removing any and all direct or indirect references to clients with whom she worked at ARCO.
The judgment requires Wilson to submit copies of the rewritten short stories to ARCO for it to review and determine whether the new versions sufficiently protect its clients' privacy interests. Any dispute between the parties is to be submitted to the trial court for it "to determine the adequacy of the revisions in light of the State and Federal Statutes implicated, herein." This appeal followed.

DISCUSSION
Wilson and Aventine Press argue that neither federal nor state law provides a private right of action permitting ARCO to seek injunctive relief for the alleged confidentiality violations. Moreover, they also argue that the short stories at issue do not reveal protected client information as alleged by ARCO. In reply, ARCO asserts that it has standing to seek injunctive relief to protect the confidentiality of its clients and its own interests. Its argument also attempts to demonstrate that Wilson's stories include protected information. Our finding that the applicable federal and state laws do not provide a private right or cause of action for an injunction pretermits the need for us to consider whether the stories disclose protected information about ARCO's clients.
To obtain a preliminary injunction, the petitioner must show that he will suffer irreparable damage if the injunction is not issued and that he is entitled to the relief sought. Lake Bistineau Preservation Society, Inc. v. Wildlife & Fisheries Com's of State of Louisiana, 39,369 (La. App. 2d Cir.3/9/05), 895 So.2d 821, writ denied, XXXX-XXXX (La.5/20/05), 902 So.2d 1057. This requires the petitioner to make a prima facie showing that he will prevail on the merits. Id. A judgment granting a preliminary injunction should not be overturned absent a clear abuse of discretion. Id.
It follows that if ARCO is not entitled to the relief sought, then no prima facie showing of success on the merits can be made and no preliminary injunction is warranted. Thus, we must examine whether La. R.S. 46:56 provides a cause of action or right of action in favor of ARCO based on the alleged violation.
An exception of no cause of action tests the legal sufficiency of the petition to determine whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Downs v. *250 Hammett Properties, Inc., 39,568 (La.App. 2d Cir.4/6/05), 899 So.2d 792, 795. The exception is triable on the face of the petition, and the facts pled are to be accepted as true. Id. The issue to be decided is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Edmonds v. City of Shreveport, 39,893 (La.App. 2d Cir.8/31/05), 910 So.2d 1005, writ denied 2005-2324 (La.3/31/06), 925 So.2d 1255. The exception of no right of action questions whether "the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." Downs, 39,568, p. 3, 899 So.2d at 794. Whether a plaintiff has a right of action or a cause of action is a question of law. Edmonds, supra; Downs, supra.
Federal Basis for Relief
ARCO's action for injunctive relief is based on the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), 42 U.S.C. § 1320 et seq., and related regulations, specifically 42 C.F.R. § 431.300 et seq., applicable to state plans for Medicaid.[2] HIPPA was enacted to ensure protection of the confidentiality of health information by those entities, such as health plans and healthcare providers, who are involved in exchanging health information. Johnson v. Quander, 370 F.Supp.2d 79 (D.D.C.2005), aff'd, 440 F.3d 489 (D.C.Cir.2006), cert. den., ___ U.S. ___, 127 S.Ct. 103, 166 L.Ed.2d 255 (2006). Both civil and criminal penalties are provided for violations. Id. Specifically, 42 U.S.C. § 1320d-6 prohibits a person from disclosing "individually identifiable health information" and provides for fines and /or imprisonment for violations. However, as argued by the appellants, HIPPA does not provide a private cause or right of action for enforcement of its protections. Johnson v. Quander, supra; Logan v. Department of Veterans Affairs, 357 F.Supp.2d 149 (D.D.C.2004), University of Colorado Hospital Authority v. Denver Publishing Company, 340 F.Supp.2d 1142 (D.Colo.2004); O'Donnell v. Blue Cross Blue Shield of Wyo., 173 F.Supp.2d 1176 (D.Wyo.2001); Wright v. Combined Ins. Co. of America, 959 F.Supp. 356 (N.D.Miss.1997); Agee v. U.S., 72 Fed.Cl. 284 (2006); and Community Hosp. Group, Inc. v. Blume Goldfaden Berkowitz Donnelly Fried & Forte, P.C., 381 N.J.Super. 119, 885 A.2d 18 (2005), cert. den., 187 N.J. 489, 901 A.2d 952 (2006).
In finding no private right of action under HIPPA, the court in University of Co. Hosp. Auth., supra, found that no section of HIPPA conferred privacy rights upon individuals or identified a specific class of persons as the intended beneficiaries of its protections. Rather, HIPPA is focused "on regulating persons who might have access to individuals' health information," and its enforcement is through punitive means as set forth in § 1320d-6. Id. The court also reasoned that the specific punitive enforcement provision precludes any finding of an intent by Congress to create a private right of action. The claim that failing to recognize a private action would frustrate the purposes of HIPPA was also rejected on the grounds that it is not the *251 duty of the courts to provide remedies to effectuate congressional purposes in enacting a statute. Id.
Having reviewed the jurisprudence on whether a private action is afforded under HIPPA, we are convinced that no such action is provided. ARCO cannot maintain an action for injunctive relief against Wilson and Aventine Press for the alleged violations of the HIPPA protections and the related regulations pertaining to state Medicaid plans. ARCO's argument that it has standing to seek relief to protect itself and its clients does not address whether the applicable laws make available a private right or cause of action as a means of enforcement.
State Basis for Relief
The issue of whether La. R.S. 46:56 provides a cause of action or private right of action to enforce the confidentiality of protected information appears to be one of first impression. Therefore, we will begin by examining the language of the statute to determine whether it provides a cause of action or right of action to enforce its provisions by injunctive relief.
When the statutory language is clear and unambiguous, and its application does not lead to absurd consequences, the statute must be applied as written without delving into the legislative intent. La. C.C. art. 9; Richard v. Hall, 03-1488 (La.4/23/04), 874 So.2d 131.
La. R.S. 46:56 provides, in relevant part:
A. Applications for assistance and information contained in case records of clients of the Department of Health and Hospitals, the Department of Social Services, or the Office of Elderly Affairs, for the purpose of adult protective services, shall be confidential and, except as otherwise provided, it shall be unlawful for any person to solicit, disclose, receive, make use of, or to authorize, knowingly permit, participate in, or acquiesce in the use of applications or connected case records or the information contained therein for any purpose not directly connected with the administration of the programs of the department.
* * *
(B)(2) For the purposes of this Section, "case records" are assistance records, social service records, food stamp records, medical services records, probation and parole records, records pertaining to the adoption of children, records of foster care services, records and investigative reports on abuse or neglect of children or adults, and records of other child welfare services administered by the department, including handicapped children's services, nutrition, immunization, and other medical and public health services records pertaining to children or adults and where such records are in the custody of parish health units, and regional and central offices of the office of public health of the Department of Health and Hospitals.
The enforcement provision is set forth at La. R.S. 46:56(I), which states:
Any person who violates any of the provisions of this Section shall be fined not more than two thousand five hundred dollars or imprisoned for not more than two years in the parish jail, or both, nor less than five hundred dollars or ninety days on each count.
La. R.S. 46:56 makes it unlawful to disclose information contained in case records of clients of the Department of Health and Hospitals and others specified in the statute. It also prohibits the publication of clients' names. La. R.S. 46:56(c). The statute addresses in detail circumstances under which particular information may be *252 disclosed and provides in specific circumstances that persons receiving the information are bound by the confidentiality standard and subject to the penalties for improper disclosure provided in the statute.[3] The penalty provision, as previously set forth, provides for a fine and/or imprisonment in the parish jail. No other enforcement mechanism is provided. La. R.S. 46:56 tracks the requirements for the state plans to safeguard information concerning applicants and recipients as set forth in 42 C.F.R. § 431.300 et seq. With regard to enforcement of the safeguards, 42 C.F.R. § 431.303 directs that the Medicaid agency must have authority to implement and enforce the provisions specified for safeguarding the applicants' and recipients' information. This regulation suggests that La. R.S. 46:56 does not provide a private right of action or cause of action for enforcement.
La. R.S. 46:56 directs the Departments of Health and Hospitals, Social Services, and Elderly Affairs to ensure the confidentiality of their case records and provides the penalties of fines and imprisonment for violations. We find no creation of a right on the part of applicants or clients of these departments to enforce its provisions, nor do we find any mechanism that would allow an organization like ARCO, which provides health care and related services to clients of these departments, to seek injunctive relief to enforce the confidentiality requirements.
The legislature in enacting La. R.S. 46:56 did not include a cause of action or right of action in favor of the clients or applicants of the departments or in favor of any entity serving these individuals pursuant to contracts with the state. Had the legislature intended to provide a person or entity injured by disclosure of the confidential information with a remedy to bring a suit for damages or seek injunctive relief, it could have expressly provided such a remedy in the statute. For example, La. R.S. 40:1300.163 mandates that the results of voluntary hepatitis C testing programs be kept confidential and provides that an injured party may bring suit for damages against the violator and institute an action for injunctive relief. No such right to relief is provided in La. R.S. 46:56 for violations of its confidentiality provisions.
Considering the clear and unambiguous language of La. R.S. 46:56, we find that it provides neither a cause of action nor a right of action in favor of ARCO. The facts alleged in its petition, even taken as true, do not state a cause of action for injunctive relief under La. R.S. 46:56. ARCO cannot establish that it is entitled to the relief sought, and its arguments regarding standing cannot overcome the lack of a remedy for injunctive relief provided in the statute. La. R.S. 46:56 provides penalties for violations of its provisions, and ARCO is not authorized to enforce these penalties. Therefore, we find that the trial court clearly abused its discretion in granting the preliminary injunction.
Finally, we express serious concerns as to whether the short fictional stories complained of actually disclose information in violation of La. R.S. 46:56 or HIPPA. However, that issue is not before us for determination in light of our finding that ARCO has no cause of action or right of action for injunctive relief under federal or state law.

CONCLUSION
For the reasons explained, the judgment of the trial court granting a preliminary *253 injunction is reversed, the exceptions of no cause of action and no right of action are granted, and this matter is dismissed with prejudice. Costs of appeal are assessed to ARCO.
REVERSED and RENDERED.
NOTES
[1] The short story "Bride Ready" is not included in Shades of Blue, Volume II, as alleged in the petition.
[2] The federal regulations, 42 C.F.R. § 431.300 et seq., require states to provide safeguards restricting the use and disclosure of information concerning applicants and recipients of medical assistance programs. The state plan must provide legal sanctions along with the safeguards. 42 C.F.R. § 431.301. The Medicaid agency is charged with the authority to implement and enforce the provisions specified for safeguarding the protected information. 42 C.F.R. § 431.303. Information that must be safeguarded includes names and addresses, medical services provided, social and economic conditions or circumstances, agency evaluations of personal information, and medical data. 42 C.F.R. § 431.305.
[3] See La. R.S. 46:56(F)(4)(b) regarding release to other agencies of the state, (F)(5)(c) regarding release for professional, academic, or scholarly research, and (F)(9)(c) regarding mandatory reporters who initiated a report.