Judgment rendered October 1, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,513-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STEVA LOWERY                                    Plaintiff-Appellant

versus

SOUTHERN UNIVERSITY AT                         Defendants-Appellees
SHREVEPORT, VLADIMIR
ALEXANDER APPEANING, JORGE
E. SOUSA, THADDEUS MORRIS,
AND BEVERLY MORRIS

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 640,672

Honorable Ramon Lafitte, Judge

* * * * *

CRESENT CARE LEGAL SERVICES        Counsel for Appellant
BY: Todd Allen Hebert
    Louis Gregory

LIZ MURRILL                        Counsel for Appellees
Attorney General

HUDSON, POTTS, & BERNSTEIN, LLP
By: Jay P. Adams
    Sara G. White
    Jason Richard Smith
    Special Assistant Attorneys General

* * * * *

Before COX, HUNTER, and MARCOTTE, JJ.

**MARCOTTE, J.**

This civil appeal arises from the First Judicial District Court, Parish of Caddo, the Honorable Ramon Lafitte presiding. Plaintiff/appellant, Steva Lowery, seeks review of the trial court's ruling denying him the opportunity to amend his petition following the granting of an exception of no cause of action filed by defendants/appellees Southern University at Shreveport ("SUSLA"), Chancellor Vladimir Alexander Appeaning, and Jorge Sousa. For the following reasons, we affirm, in part, the granting of the exception of no cause of action but reverse and remand to the trial court to allow Mr. Lowery the opportunity to amend his original petition against appellees and Mr. Morris and Ms. Morris.

## FACTS

This matter arises out of an allegation of discrimination on the basis of sexual orientation after plaintiff Steva Lowery was terminated from his position as an intake clerk in the SUSLA admissions office.

In August 2021, Mr. Lowery, who identifies as a gay man, claimed he was harassed and threatened by a SUSLA student, Thaddeus Morris. Mr. Lowery claimed that the student's mother, Beverly Morris, also began to harass him and used derogatory language against him.

Mr. Lowery complained about the harassing and threatening behavior he was experiencing at SUSLA to his supervisor, Mr. Sousa. Mr. Sousa issued two written warnings to Mr. Lowery. The first warning alleged tardiness, while the second warning alleged misconduct against Mr. Morris. Following these warnings, follow-up meetings were scheduled for

September 23 and 25 of 2021, but they never took place. On November 17, 2021, Mr. Lowery was terminated from his position in the admissions office.

On November 22, 2022, Mr. Lowery filed a petition for damages against SUSLA, Chancellor Appeaning, Mr. Sousa, Mr. Morris, and Ms. Morris. Mr. Lowery's petition alleged that he qualifies as a protected person under La. R.S. 23:332 due to his sexual orientation and the alleged retaliatory termination. Mr. Lowery's petition further alleged that Mr. Morris threatened him on multiple occasions, including once in his office when Mr. Morris allegedly stated, "I'm going to get you."

The petition also referenced a specific incident at cheer practice on the SUSLA campus. Mr. Lowery, who was also the cheer coach, claimed that Mr. Morris started verbally assaulting Mr. Lowery him, followed by an attempted physical attack, which was only thwarted due to the intervention of his cheer students.

The petition also claimed that during this same timeframe, Ms. Morris, also a SUSLA student, verbally attacked Mr. Lowery on campus on multiple occasions, including an incident where she called him a "faggot" and another separate incident in Chancellor Appeaning's office where Ms. Morris referred to Mr. Lowery as the "devil" and told him that he was going to hell.

Mr. Lowery's petition also alleged that on countless occasions throughout this period of abuse, he sought help and support from SUSLA as instructed by both the student and faculty handbooks. Mr. Lowery asserted that his attempts to address, resolve, and prevent any further assaults included his reaching out to his immediate supervisor, filing

complaints/grievances with SUSLA's human resources department, calling SUSLA police, filing local police reports, reviewing camera footage of these incidents with law enforcement and SUSLA staff, and requesting meetings with SUSLA's chancellor and vice-chancellor. When Mr. Lowery was able to catch Chancellor Appeaning at a football game and shared that he no longer felt safe at work due to Mr. and Ms. Morris' incessant behavior, Mr. Lowery claimed that Chancellor Appeaning took no action. Moreover, when Mr. Lowery filed his complaint with the human resources department, he claimed that the only result was their response that Mr. Lowery was likely to be terminated because a student filed a complaint against him.

Defendants SUSLA and Appeaning filed an answer on August 3, 2023, generally denying the allegations in Mr. Lowery's petition. On June 21, 2024, SUSLA and Appeaning filed their peremptory exception of no cause of action, asserting that Mr. Lowery failed to state a cause of action because employment discrimination on the basis of sexual orientation was not a protected characteristic found in La. R.S. 23:332. On August 29, 2024, Mr. Lowery filed a memorandum in opposition to the exception, asserting that the Louisiana anti-discrimination law did apply to sexual orientation as it mirrored the federal laws against discrimination found in Title VII of the Civil Rights Act of 1964. After oral arguments on the matter, the trial court ruled that Mr. Lowery was not legally entitled to the relief sought and granted the exception of no cause of action. Over the objection of Mr. Lowery's counsel, the trial court denied Mr. Lowery the opportunity to amend his petition prior to dismissal. On September 30, 2024, a judgment

was signed by the trial court dismissing plaintiff's petition with prejudice. Mr. Lowery now appeals.

## DISCUSSION

*Amendment of Petition*

Appellant argues that the trial court should have granted him the opportunity to amend his petition when it granted defendants' exception of no cause of action. He asserts that if this court were to allow him to amend his petition, he would add viable claims of intentional infliction of emotional distress and negligent infliction of emotional distress against SUSLA, and intentional infliction of emotional distress and assault against Mr. Morris and Ms. Morris. Mr. Lowery claims that the facts he alleged in his petition illustrate a pattern involving repeated harassment and discrimination by Mr. and Ms. Morris, and in one instance, an attempted physical attack on him by Mr. Morris. Mr. Lowery asserts that he must be permitted to amend his petition pursuant to La. C.C.P. art. 934.

Appellees take issue with Mr. Lowery's claim that he should be permitted to amend his petition to "add additional viable claims" against them. They argue that Mr. Lowery's claim of discrimination is based on his sexual orientation and cannot be cured by any amendment. Appellees assert that there are no legal grounds in Louisiana law that would provide him the type of relief he seeks, and there is nothing he could do to "easily" remove the defects present in the petition.

The law takes a liberal approach to amended pleadings to promote the interests of justice. *Reeder v. North*, 97-0239 (La. 10/21/97), 701 So. 2d 1291; *Bilyeu Bucks v. DirecTECH Sw.*, 52,474 (La. App. 2 Cir. 2/27/19),

4

266 So. 3d 467, *writ denied*, 19-00701 (La. 9/6/19), 278 So. 3d 970; *Boyett v. First Baptist Church of Bossier*, 55,209 (La. App. 2 Cir. 8/9/23), 369 So. 3d 942, *writ denied*, 23-01229 (La. 1/17/24), 377 So. 3d 236. La. C.C.P. art. 934 states that when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. However, if the grounds of the objection raised through the exception cannot be removed, the action, claim, demand, issue, or theory shall be dismissed.

Louisiana jurisprudence indicates that "[t]he right to amend a petition following the sustaining of a peremptory exception is not absolute." *Hershberger v. LKM Chinese, L.L.C.*, 14-1079, p. 6 (La. App. 4 Cir. 5/20/15), 172 So. 3d 140, 145. "Amendment is not permitted when it would constitute a 'vain and useless act.'" *Carter v. ABC News, Inc.*, 55,623 (La. App. 2 Cir. 6/26/24), 399 So. 3d 1, *writ denied*, 24-01182 (La. 12/11/24), 396 So. 3d 966. However, when a petition can be amended to resolve the grounds which form the basis for the exception of no cause of action, the case should be remanded to the trial court. *Ellis v. Mai*, 56,074 (La. App. 2 Cir. 2/26/25), 408 So. 3d 416.

La. C.C.P. art. 934 does not require that the plaintiff be allowed an opportunity to speculate on unwarranted facts merely for the purpose of defeating the exception. *Robinson v. Allstate Ins. Co.*, 53,940 (La. App. 2 Cir. 5/26/21), 322 So. 3d 381, *writ denied*, 21-00906 (La. 10/19/21), 326 So. 3d 264. The decision to allow amendment of a pleading to cure the grounds for a peremptory exception is within the discretion of the trial court. *Downs*

*v. Hammett Props., Inc.*, 39,568 (La. App. 2 Cir. 4/6/05), 899 So. 2d 792, *citing Thompson v. Jackson Par. Police Jury*, 36,497 (La. App. 2 Cir. 10/23/02), 830 So. 2d 505.

In *Sutton v. Adams*, 22-01673 (La. 3/7/23), 356 So. 3d 1005, the Louisiana Supreme Court held that the trial court erred by failing to allow the petitioner to amend his petition after granting the defendant's exceptions of no cause of action and no right of action. The court remanded the case to the trial court to give the petitioner the opportunity to amend his petition because the petition could easily be amended to cure the defects associated with the exceptions.

Here, the grounds for the objection raised through the peremptory exception of no cause of action were that the Louisiana Employment Discrimination Act does not provide protection for persons discriminated against on the basis of sexual orientation, a point which Mr. Lowery now concedes. The grounds for that objection could be removed if Mr. Lowery were to voluntarily dismiss it and pursue claims against Mr. and Ms. Morris for intentional infliction of emotional distress and assault, which is exactly what he has proposed to do.

Based on the facts alleged in Mr. Lowery's petition, proving a claim for either intentional or negligent infliction of emotional distress against appellees would appear to be an uphill battle. Appearances notwithstanding, Mr. Lowery should at least be afforded the opportunity to amend his petition to assert any such claims against them. *See McClain v. City of New Orleans*, 13-1291, p. 8 (La. App. 4 Cir. 3/5/14), 137 So. 3d 671, 677 (wherein the court held that "if the allegations of the petition are merely conclusory and

6

fail to specify the acts or circumstances that establish a cause of action, then the trial court should permit the plaintiff the opportunity to amend.")

While we agree with the trial court's decision to grant appellees' exception of no cause of action, we simply are unable to presume at this time that Mr. Lowery will not be able, upon amending his petition, to allege sufficient facts to state a cause of action against appellees. *See Vincent v. Milligan*, 04-1207 (La. App. 1 Cir. 6/10/05), 916 So. 2d 238, 243 (which affirmed the granting of an exception of no cause of action but found that the plaintiff "should be afforded an opportunity to amend his petition to remove the grounds for the exception, if he can, by alleging specific facts that would support a claim."). In other words, we do not find that amendment of the petition would constitute "a vain and useless act." *See Carter v. ABC News, Inc., supra*.

Accordingly, Mr. Lowery should have been given the opportunity to amend his petition against appellees and the Morrises in an attempt to cure the grounds of the exception of no cause of action. Therefore, the trial court erred in dismissing Mr. Lowery's suit without first giving him the chance to amend his petition to state a cause of action.

*Dismissal of Unserved Defendants*

Mr. Lowery avers that the trial court erred in dismissing Mr. Morris and Ms. Morris because their dismissal is null under La. C.C.P. art. 2002 since they were not served. Mr. Morris points to the language of La. C.C.P. art. 2002 which says that a final judgment shall be annulled if it is rendered "against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a

7

valid default judgment has not been taken." Mr. Lowery argues that by dismissing Mr. Morris and Ms. Morris, he is unable to have his tort claims against them heard in court because such claims are precluded under *res judicata*. Thus, Mr. Lowery asserts that this court must annul the trial court's final judgment to correct the dismissal of Mr. Morris and Ms. Morris from the suit.

Appellees argue that Mr. Lowery's claim of nullity has no merit. Appellees claim that La. C.C.P. art. 2002 is inapplicable because there has been no judgment *against* Mr. Morris or Ms. Morris, and that provision only calls for a final judgment to be annulled if it is rendered against a defendant who has not been served. However, even if this court were to determine that the judgment does dismiss Mr. Morris and Ms. Morris and constitutes a nullity, then appellees argue that the proper recourse is to vacate the judgment and remand solely for the purpose of reissuing the judgment to state that the exception is granted but only appellees are dismissed, rather than appellees and the Morrises.

La. C.C.P. art. 2002 provides in pertinent part as follows:

A final judgment shall be annulled if it is rendered:

(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid default judgment has not been taken.

Here, there was no judgment against Mr. Morris or Ms. Morris, thus the nullity provision of La. C.C.P. art. 2002(2) does not apply. In fact, the trial court's final judgment can only be considered in their favor since it dismissed them from the suit. However, because we hold that the trial court erred in failing to grant Mr. Lowery leave to

amend his petition following the granting of appellees' exception of no cause of action, the case is nevertheless remanded to the trial court to allow Mr. Lowery 30 days to amend his claims against appellees and the Morrises.

## CONCLUSION

For the reasons expressed, we affirm the granting of the exception of no cause of action but reverse and remand to the trial court to allow Mr. Lowery 30 days from the date of the issuance of this opinion to amend his original petition against appellees, and against Mr. Morris and Ms. Morris.  The costs of the appeal are assessed equally to Mr. Lowery and appellees.

**AFFIRMED IN PART; REVERSED IN PART AND REMANDED.**